## 57751. HOWARD v. COFER et al.

CARLEY, Judge.

Appellant's driver's license was suspended on the basis of appellant's refusal to submit to a test to determine the alcoholic or drug content of his blood as required by Georgia's "implied consent" law. The superior court upheld the order of suspension issued by the Department of Public Safety. Appellant appeals from the judgment of the superior court.

1. Code Ann. § 68B-306 provides for the suspension of the driver's license of one who, under certain circumstances, refuses to submit to a chemical test "of his blood, breath, or urine or other bodily substances" upon the request of a law enforcement officer. It further provides that "the requesting law enforcement officer shall designate which of the aforesaid tests shall be administered."

Appellant argues that the law enforcement officer here did not make the required designation and that the test was, therefore, invalid. The record, however, shows that the officer in fact did designate that appellant's breath would be tested by use of the intoximeter. There is no merit in this enumeration.

2. The record demonstrates that the officer gave appellant the following implied consent warning: "Georgia Code 68B-306 requires you to submit to State-administered chemical tests of your blood, breath, urine or other bodily substances for the purpose of determining alcoholic or drug content. Under Georgia Code 68A-902.1 you have the right to an additional test of the foregoing substances made by personnel of your own

choosing if you so desire. This additional test in no way satisfies your obligation to submit to the State-administered chemical tests. Should you refuse my request that you submit to the State-administered chemical tests, your driver's license will be suspended for a period of six months. Will you submit to the State-administered chemical test, . . . under the Implied Consent law, which is the intoximeter test?"

Appellant attacks the sufficiency of this warning to give him proper notice of his rights and obligations under the law. Appellant's arguments at best raise overly technical objections to the warning given. Suffice it to say that the thrust of those arguments is that appellant should have received a warning which tracked the *exact* language of Code Ann. § 68A-902.1. We know of no authority requiring a verbatim recitation of the statutory provisions. "The arresting officer at the time of arrest shall advise the person arrested of his rights to a chemical test or tests according to this section." Code Ann. § 68A-902.1 (a) (4). Appellant was fully advised of his obligation to submit to a test and the consequences of refusal to do so and of his right to have an independent test of the various bodily substances made by personnel of his own choosing. This was sufficient. Compare *Nelson v. State,* 135 Ga. App. 212 (217 SE2d 450) (1975); *Garrett v. Dept. of Public Safety,* 237 Ga. 413 (2) (228 SE2d 812) (1976).

We do not agree with the contention that the warning was invalid because it failed to advise appellant of his right to an additional test by "qualified" persons of his own choosing. See Code Ann. § 68A-902.1 (a) (3). "[T]he legislature intended that this right [to an independent test] be made known to the defendant at the time of his arrest in order that he may, if he chooses, challenge the accuracy of the chemical test administered by the state at the only time such a challenge would be meaningful." *Nelson v. State,* supra at 214. While it would be more desirable for officers to advise persons under arrest in the exact language of Code Ann. § 68A-902.1 (a) (3), we refuse to hold that the failure to advise appellant of his right to have "qualified" personnel conduct the additional test can be construed as preventing him from making "an

intelligent choice to submit to a chemical test. . ." *Garrett v. Dept. of Public Safety,* supra at 415. The warning which was given appellant was sufficient to provide him with the required *notice* of his right to an independent test; if, after having received this notice, appellant had elected to have an additional test done and the officer had then failed to advise him as to those persons who were "qualified" to conduct such a test, a question would be presented as to whether appellant had been allowed to exercise his right. *Puett v. State,* 147 Ga. App. 300 (248 SE2d 560) (1978). We need not consider that question here since appellant did not choose to submit to an additional test.

Furthermore, arguments that the officer's warning was insufficient because it failed to advise that the suspension which would result from his refusal to submit to the test would be "subject to review" are without merit. The quoted language is from Code Ann. § 68B-306 (c) and has reference to the obligation of the Department of Public Safety to give notice to the driver and not to the law enforcement officer's obligation to advise under Code Ann. § 68A-902.1 (a) (4).

3. Appellant has urged various constitutional challenges to the warning he received. For the reasons discussed above, the warning given to appellant complied with the requirements of Code Ann. § 68A-902.1 (c) and Code Ann. § 68B-306. Therefore, the warning is not subject to any constitutional infirmity alleged by appellant. See generally *Garrett v. Dept. of Public Safety,* 237 Ga. 413 (1), supra.

4. There was evidence in the record, and the hearing officer determined, that appellant made a pretense of complying with the intoximeter test but in fact failed to inflate the balloon. This authorized a finding that appellant refused to submit to the test. "The Implied Consent Law requires a meaningful submission to the test as otherwise the purpose of the law would be frustrated." *Pfeffer v. Dept. of Public Safety,* 136 Ga. App. 448, 450 (221 SE2d 658) (1975). Therefore, the superior court's sustaining of the suspension of appellant's license was not erroneous. See generally *Cofer v. Schultz,* 146 Ga. App. 771, 772 (1) (247 SE2d 586) (1978) and cits.

*Judgment affirmed. Deen, C. J., and Quillian, P. J., concur. Shulman, J., not participating.*

SUBMITTED MAY 7, 1979 — DECIDED JUNE 19, 1979 — REHEARING DENIED JULY 6, 1979 —

*Ben Lancaster,* for appellant.
*Arthur K. Bolton, Attorney General, William B. Hill, Assistant Attorney General,* for appellees.