## A95A0529. THE STATE v. HARRISON.
(453 SE2d 820)

BLACKBURN, Judge.

The appellee, Norman Keith Harrison, was charged by accusation with driving under the influence, driving with unlawful alcohol concentration, and following too closely. The trial court granted Harrison's motion in limine to suppress his breath test results, and the State now appeals.

On November 20, 1993, at about 3:00 p.m., Officer M. E. Phillips responded to a call which indicated that an accident had occurred on Georgia Highway 124 involving Harrison. Upon arriving at the scene of the accident, Phillips determined that Harrison had driven into the rear end of another vehicle. Officer Phillips observed that Harrison had a moderate odor of alcohol on his breath and that his eyes were "kind of glazed over."

Harrison submitted to two field sobriety tests, testing positive for alcohol on both. As a result, Phillips arrested Harrison and read him his implied consent rights advising him, among other things, that "[a]fter submitting to the required testing, you are entitled to additional chemical tests at your own expense." Thereafter, Harrison submitted to an Intoximeter 3000 test, neither requesting additional testing nor making further inquiry as to the nature of his implied consent rights. In granting Harrison's motion in limine, the trial court observed that the implied consent warning given Harrison had been defective because it failed to give Harrison notice of his right to additional chemical testing by qualified persons of his own choosing under OCGA § 40-6-392 (a) (3).

The State contends the trial court erred in granting the motion because it applied an overly technical standard in deciding the issue, particularly in the absence of a showing of harm to the appellee. "It is true that '(a) defendant is not entitled to a warning which tracks the exact language of the implied consent statute.' (Citations, punctuation, and emphasis omitted.) *Pryor v. State*, 182 Ga. App. 79, 80 (2) (354 SE2d 690) (1987); *Howard v. Cofer*, 150 Ga. App. 579, 580 (2) (258 SE2d 195) (1979)." *State v. Causey*, 215 Ga. App. 85, 86 (449 SE2d 639) (1994). However, here, as in *Causey*, the warning is deficient, not because of its form, but because of its content. That is — "it completely failed to inform [Harrison] that he could choose his own qualified person to administer the additional test." Id. The State thus failed to meet its burden to demonstrate compliance with the pertinent statutory requirement in proving the violation by evidence of a chemical test. As a result, the intoximeter test administered appellee is inadmissible, even in the absence of a showing of harm. Id. Accordingly, we affirm the trial court's grant of the motion in limine.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 15, 1995.

*Gerald N. Blaney, Jr., Solicitor, Richard E. Thomas, Assistant Solicitor,* for appellant.
*Thomas C. Nagel,* for appellee.