## A95A0890. TORRANCE v. THE STATE.
### (458 SE2d 495)

BIRDSONG, Presiding Judge.

Following a trial by jury, John Torrance was convicted of one count of driving under the influence of alcohol (OCGA § 40-6-391) and one count of following too closely (OCGA § 40-6-49). On appeal, he contends the trial court erred in granting the State's motion in limine, and also erred in failing to grant appellant's motion for directed verdict on both charges.

Appellant admitted he had consumed three beers at a bar-and-grill over a five-hour period. When he left the bar he drove along Interstate 285, traveling in the second lane from the left. An 18-wheel tractor trailer, which was diagonally to his front and left, swerved into appellant's path of travel. Appellant swung his vehicle into the far left lane and struck the rear of a dump truck. At the accident scene the officer administered appellant three sobriety tests — a heel-to-toe walk test, a horizontal-gaze nystagmus test and a leg lift test. Based on appellant's performance the officer determined appellant was under the influence of alcohol. *Held*:

1. In his first enumeration of error appellant contends that the trial court erred in granting the State's motion in limine to exclude any reference during trial to the National Highway Transportation Safety Administration (NHTSA) or its standards, training methods and evaluations, or in not allowing appellant to utilize a NHTSA-trained expert. He asserts that this action by the trial court constituted an undue abridgement of his right to cross-examination in violation of both the Georgia Constitution and the Sixth Amendment of the United States Constitution.

The "right to a thorough and sifting cross examination must be tempered and restricted so as not to infringe on privilege areas or wander into the realm of irrelevant testimony. Control of the cross examination of a witness is to a great degree within the discretion of the trial court and will not be controlled unless abused. [Cits.]" *Eades v. State,* 232 Ga. 735, 737 (2) (208 SE2d 791).

Appellant contends that NHTSA promulgates rules and proce-

dures which must be followed in administering sobriety tests and that unless these procedures are followed, the test results are invalid. However, the trial court found that these rules and procedures are not part of a police officer's training in Georgia. Therefore, allowing the officer to be cross-examined regarding those procedures, as appellant wished, would be irrelevant. Construing the evidence in a light most favorable to upholding the findings and judgment by the trial court, the granting of the State's motion in limine by the trial court was not clearly erroneous. *State v. Brodie*, 216 Ga. App. 198, 200 (1) (453 SE2d 786). In addition, the question whether to allow a NHTSA-trained expert witness to testify for appellant is also moot, as no such witness was available at the time of motion or trial.

2. Appellant also contends the trial court erred in refusing to grant his motion for directed verdict on the charge of following too closely. OCGA § 40-6-49 (a) provides: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway."

" 'A directed verdict of acquittal in a criminal case is authorized only where there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal or not guilty.' " (Emphasis omitted.) *Buchanan v. State*, 215 Ga. App. 143, 145 (1) (449 SE2d 660).

In the case sub judice, appellant noticed an 18-wheel tractor trailer diagonally to his front and left swerve into his path of travel. To avoid the collision appellant swung his vehicle into the far left lane and struck a dump truck. Before making this evasive action, appellant was not in the same lane as the dump truck.

The standard of reviewing the denial of a motion for directed verdict of acquittal is stated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). See *Harvey v. State*, 212 Ga. App. 632 (442 SE2d 478). Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could not have found the defendant guilty of following too closely beyond a reasonable doubt because the evidence showed he was not following the truck.

3. Appellant also contends the trial court erred in refusing to grant his motion for directed verdict on the charge of driving under the influence of alcohol. He asserts that the evidence was insufficient to support a conviction. The evidence revealed, however, that appellant failed the field sobriety tests. The officer detected an odor of alcohol on appellant's breath and noted that appellant's eyes were glassy and bloodshot and that his speech was slurred. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude a rational trier of fact could have found the de-

fendant guilty of the crime for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, supra.

*Judgment affirmed in part and reversed in part. Johnson and Smith, JJ., concur.*

DECIDED JUNE 8, 1995.

*Bruce F. Morriss, Daniel Shim*, for appellant.
*Ralph T. Bowden, Jr., Solicitor, C. Christopher Flinn, W. Cliff Howard, Assistant Solicitors*, for appellee.