A95A0989. MARTIN v. THE STATE.
(460 SE2d 92)

BLACKBURN, Judge.

On reconsideration, the opinion rendered July 7, 1995, is vacated, and the following is substituted therefor.

The appellant, Michael DeWayne Martin, was charged by accusation with driving under the influence of alcohol. The trial court denied Martin's motion in limine to suppress his breath test results, and Martin now appeals based upon newly amended OCGA § 40-5-67.1, which was given retroactive application by the legislature.

At 3:17 a.m., on September 10, 1994, Martin was stopped by a police officer and, after the administration of several field sobriety tests, was arrested for driving under the influence of alcohol. Thereafter, the arresting officer read Martin his implied consent rights, pertinently advising him that "[a]fter submitting to required testing *you are entitled to additional chemical tests at your own expense from personnel of your own choosing*." (Emphasis supplied.) After lining out inapplicable portions thereof, the officer also advised Martin of such rights in writing. In denying Martin's motion in limine, the trial court observed that although the rights advisement given Martin was not one which employed the exact language of the then governing statute, "the failure to give this language [did] not limit his options." The trial court correctly applied the law as it existed prior to the 1995 legislative session.

Martin contends the trial court erred in denying the motion because the warning given him concerning his right to independent chemical testing neither specified that such right extended to testing his blood, breath, urine, or other bodily substances nor specified which persons were qualified to do the testing. We agree that the warning given did not meet that which is statutorily required under OCGA § 40-5-67.1 as amended. Under former law, it is well settled that " '(a) defendant is not entitled to a warning which tracks the

exact language of the implied consent statute.' (Citations, punctuation, and emphasis omitted.) *Pryor v. State*, 182 Ga. App. 79, 80 (2) (354 SE2d 690) (1987); *Howard v. Cofer*, 150 Ga. App. 579, 580 (2) (258 SE2d 195) (1979)." *State v. Causey*, 215 Ga. App. 85, 86 (449 SE2d 639) (1994). See also *Martin v. State*, 214 Ga. App. 614, 616 (448 SE2d 471) (1994). Likewise, we have consistently held that such warning must not completely fail to warn by omission if the state is to satisfy the statutory requirement that the warning be given. Id. See also *State v. Harrison*, 216 Ga. App. 325 (453 SE2d 820) (1995); *Hulsey v. State*, 138 Ga. App. 221 (225 SE2d 752) (1976).

OCGA § 40-5-67.1 was amended by the legislature to provide for the specific implied consent warning which law enforcement officers are *required* to give to one suspected of driving or being in actual physical control of a moving motor vehicle upon the highway or elsewhere throughout this state in violation of Code section 40-6-391, and the officer has arrested such person for a violation of Code section 40-6-391 or any local ordinance which adopts Code section 40-6-391 by reference.

OCGA § 40-5-67.1 (b) provides: "At the time a chemical test or tests are requested, the arresting officer *shall* select and *read* to the person *the appropriate implied consent warning* from the following: . . . (2) Implied consent notice for suspects age 18 or over: 'Georgia law requires you to submit to state administered chemical tests of your blood, breath, urine, or other bodily substances for the purpose of determining if you are under the influence of alcohol or drugs. If you refuse this testing, your Georgia driver's license or privilege to drive on the highways of this state will be suspended for a minimum period of one year. Your refusal to submit to the required testing may be offered into evidence against you at trial. If you submit to testing and the results indicate an alcohol concentration of 0.10 grams or more, your Georgia driver's license or privilege to drive on the highways of this state may be suspended for a minimum period of one year. After first submitting to the required state tests, you are *entitled to additional chemical tests of your blood, breath, urine,* or other bodily substances at your own expense and from qualified personnel of your own choosing. Will you submit to the state administered chemical tests of your (designate which tests) under the implied consent law?' " (Emphasis supplied.)

Ga. L. 1995, p. 1160, not codified by the General Assembly, provides that the Act shall apply to all cases pending at the time of its approval by the Governor. The Act was approved by the Governor on April 21, 1995.

As this case was pending on April 21, 1995, the implied consent warning prescribed by this amended statute was required in this case. It is clear that the legislature intended to mandate the warning to be

given, and it is equally clear that the warning given here did not meet the statutory requirement. The statute requires that a defendant be advised of the right to "additional chemical tests of your blood, breath, urine, or other bodily substances," and the warning given failed to do so.

The legislature is free to prescribe the implied consent warning which must be given and has now done so. OCGA § 40-5-67.1 (b). Inasmuch as the legislature knowingly and intentionally made the mandatory language applicable to pending cases, our role is to simply compare the warning given to the warning required. Having done so, we find the warning to be insufficient, and the trial court's denial of defendant's motion in limine must be reversed. The ruling of the trial court is reversed, and the case is remanded.

*Judgment reversed and case remanded. McMurray, P. J., and Andrews, J., concur.*

DECIDED JULY 13, 1995 — ▮▮▮▮▮▮▮▮▮

*J. Michael Mullis*, for appellant.
*Keith C. Martin, Solicitor*, for appellee.