A95A1749. HOWARD v. THE STATE.
(465 SE2d 281)

BEASLEY, Chief Judge.

On December 10, 1994, Howard was charged with driving under the influence of alcohol to the extent it was less safe to drive, OCGA § 40-6-391 (a) (1), driving while his blood alcohol concentration was 0.10 grams or more, OCGA § 40-6-391 (a) (4), and improper lane usage, OCGA § 40-6-48. Howard's breath test showed a blood alcohol concentration of 0.119 grams, and he was issued an "Official Notice of Intent to Suspend License." An administrative hearing was held pursuant to OCGA § 40-5-67.1 (g) to determine whether to rescind or sustain the suspension.

1. Howard contends the trial court erred in denying his motion to dismiss the criminal charges because any prosecution after the administrative suspension violated the double jeopardy provisions of the federal and state constitutions. See Fifth Amendment to the United States Constitution; Ga. Const. of 1983, Art. I, Sec. I, Par. XVIII;

OCGA §§ 16-1-6, 16-1-7, 16-1-8. This enumeration is controlled by our decision in *Nolen v. State*, 218 Ga. App. 819 (463 SE2d 504) (1995), in which we rejected a similar argument.

2. Howard also contends the court erred in failing to grant his motion in limine to exclude the results of his breath test because he was not fully advised of his right to an independent test as required by OCGA § 40-6-392. He admits he was informed that he could have an independent chemical test but argues the notice was deficient because it did not specify that the independent test could be of his "blood, breath, urine, or other bodily substances" nor that the independent test "may be performed by a physician or a qualified technician, chemist, registered nurse, or other qualified person of his own choosing." After his implied consent rights were read to him, Howard did not request an independent test and submitted to the State-administered breath test.

Howard has cited the recent case of *Martin v. State*, 217 Ga. App. 860 (460 SE2d 92) (1995) (cert. granted Oct. 20, 1995; Supreme Court case no. S95G1753), for the proposition that the implied consent warning must specifically state the independent test could be of his "blood, breath, urine, or other bodily substances." In *Martin*, the defendant had been advised " '[a]fter submitting to required testing *you are entitled to additional chemical tests at your own expense from personnel of your own choosing.*' " (Emphasis in original.) Id. The court determined that this was insufficient not because it failed to properly advise Martin of his rights to an independent test, but because a 1995 amendment to OCGA § 40-5-67.1 (b) required specific language that included: " 'you are *entitled to additional chemical tests of your blood, breath, urine,* or other bodily substances. . . .' " That amendment specifically stated it applied to all cases pending on its effective date, April 21, 1995. As Martin's case was then pending, the amendment required reversal.

However, the General Assembly has since amended OCGA § 40-5-67.1 to include a subsection (b.1), which provides that the new version of OCGA § 40-5-67.1 (b) shall apply only to cases in which the offense was committed on or after April 21, 1995. 1995 Act EX1 (HB 10EX, effective upon Governor's signature, August 18, 1995). Subsection (b.1) specifically applies to all cases pending on the date it became effective by the Governor's signature, August 18, 1995. 1995 Act EX1, § 2. See *Miller v. Ga. Ports Auth.*, 217 Ga. App. 876, 878 (2) (460 SE2d 100) (1995). It is OCGA § 40-5-67.1 (b) which mandates specific language be used and upon which *Martin* relied. Any application of that subsection to a defendant such as Howard, whose offense was committed prior to April 21, 1995, and whose case was pending on August 18, 1995, has been effectively repealed by the General Assembly. "An appellate court applies the law as it exists when the case

is before it. [Cit.]" *Rucker v. State*, 191 Ga. App. 108, 109 (381 SE2d 91) (1989). The law as it stands does not apply the mandatory language of OCGA § 40-5-67.1 (b) (2) to Howard, and that amendment has no effect on his case.

Before the 1995 amendment to OCGA § 40-5-67.1 (b), the requirements for the implied consent warning were found in both OCGA §§ 40-5-67.1 (b) and 40-6-392 (a) (4). See *State v. Leviner*, 213 Ga. App. 99, 101 (3) (a) (443 SE2d 688) (1994). As the law then stood, " '(a) defendant [was] not entitled to a warning which tracks the exact language of the implied consent statute.' . . . [Cits.]" *State v. Causey*, 215 Ga. App. 85, 86 (449 SE2d 639) (1994). The warning was not judged on its form, but its content; it had to inform the suspect that he could have an additional test by a qualified person of his own choosing. Id.; *State v. Harrison*, 216 Ga. App. 325 (453 SE2d 820) (1995).

It is uncontested the arresting officer simply read Howard his implied consent warning from a pre-printed card. The warning given Howard pertinently stated: "Georgia law requires you to submit to state-administered chemical tests of your blood, breath, urine, or other bodily substances for the purpose of determining if you are under the influence of alcohol or drugs. . . . After submitting to the required testing, you are entitled to additional chemical tests at your own expense and from personnel of your own choosing."

The content of this warning was sufficient to advise Howard of his right to an independent test. Under the applicable law, there was no requirement that the warning specify the independent test could be of the defendant's "blood, breath, urine, or other bodily substances." Accord *Martin*, supra. The warning clearly mentioned those substances when it stated what "chemical tests" could be performed at the State's behest. In that context, advising Howard that he could have independent "chemical tests" leaves no doubt what substances may be tested.

Nor does the failure to state that the independent tests may be performed by "qualified" personnel render the warning insufficient; such an omission cannot "be construed as preventing him from making 'an intelligent choice to submit to a chemical test. . . .' [Cit.]" *Howard v. Cofer*, 150 Ga. App. 579, 580-581 (2) (258 SE2d 195) (1979). Similarly, failure to specify the professional titles of those qualified to perform the tests does not prevent Howard from making an intelligent choice. The crucial factor that must have been communicated to Howard about the persons who could perform an independent test was that they be of his choosing. See *Holcomb v. State*, 217 Ga. App. 482, 483 (1) (458 SE2d 159) (1995); *Causey*, supra at 85. The warning fully advised him of this. As Howard did not ask for any additional test there was no obligation to advise him who may be quali-

fied to conduct such a test. *Cofer*, supra at 581 (2). He was afforded the opportunity to obtain an independent test and was duly advised of his statutory rights. *State v. Griffin*, 204 Ga. App. 459, 461 (2) (419 SE2d 528) (1992).

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 13, 1995 — RECONSIDERATION DENIED NOVEMBER 30, 1995 — 

*Gordon G. Greenhut*, for appellant.

*Cheryl F. Custer*, District Attorney, *Michael M. Hawkins, S. Dabney Yarbrough*, Assistant District Attorneys, for appellee.

*Robert W. Chestney, Kenneth W. Mauldin*, amici curiae.