S95G1753. THE STATE v. MARTIN.
(466 SE2d 216)

HUNSTEIN, Justice.

Michael Martin was stopped on September 10, 1994 and charged with driving under the influence. The trial court denied his motion in limine to suppress his breath test results and the Court of Appeals reversed, applying the April 1995 amendment to OCGA § 40-5-67.1 to Martin's appeal. *Martin v. State*, 217 Ga. App. 860 (460 SE2d 92) (1995). We granted certiorari in this case to address the validity of the implied consent warning in this case, including the effect of the April 1995 and the August 1995 amendments to OCGA § 40-5-67.1. We conclude that the Court of Appeals' opinion must be reversed pursuant to the August 1995 amendment.

1. OCGA § 40-5-67.1 (b) was amended in April 1995 ("the April amendment"). Ga. L. 1995, p. 1160. In regard to drivers suspected of DUI, it provided that "the arresting officer *shall* select and read to

the person the appropriate implied consent warning," (emphasis supplied), id. at § 1, p. 1161, and set forth the precise language of the warnings. Section 5, which was not codified, provided that the April amendment "shall apply to all cases pending at the time of its approval by the Governor," Ga. L. 1995, p. 1164, § 5, to-wit, April 21, 1995.

As correctly recognized by the Court of Appeals, the language in the April amendment was mandatory and was expressly made applicable to pending cases by the Legislature. The language employed by the arresting officer in Martin's case did not comply with the language in the April amendment. Given the well-established rule that an appellate court applies the law as it exists at the time its opinion is rendered, *Hill v. Willis*, 224 Ga. 263, 265 (161 SE2d 281) (1968); *Houston v. State*, 192 Ga. App. 73, 74 (383 SE2d 571) (1989), the Court of Appeals acted properly when it reversed the trial court's denial of Martin's motion.

2. While Martin's petition for certiorari was pending in this Court, the Legislature, during the 1995 Extraordinary Session, amended OCGA § 40-5-67.1. The amendment, which retained the language of subsection (b), as set forth in the April amendment, added a new subsection (b) (1) to provide as follows:

> Subsection (b) of this Code section shall apply to any case wherein the request for chemical testing is made regarding an offense committed on or after April 21, 1995. Subsection (b) of this Code section shall not apply to any case wherein the request for chemical testing was made regarding an offense committed prior to April 21, 1995, in which case those provisions of former Code Sections 40-5-67.1 and 40-6-392 governing the content of the notice required to be given by the officer to the person regarding administration of chemical testing and governing the admissibility of evidence of results of chemical testing or refusal to submit to chemical testing which were in effect at the time of the offense was committed shall apply.

This language ("the August amendment") was made effective August 18, 1995. Ga. L. 1995, Ex. Sess., p. 5, § 1.

The August amendment renders the April amendment applicable only to those stops made after April 21, 1995. By its plain language the August amendment applies to Martin's case. Accordingly, if the August amendment is valid, it would constitute the law in current effect and thus would control our consideration of Martin's appeal. *Hill, Houston,* supra.

3. The August amendment does not violate federal or State ex

post facto constitutional provisions. U. S. Const., Art. I, Sec. IX, Par. III; Art. I, Sec. I, Par. X, Ga. Const. of 1983. The August amendment modifies the scope of evidence which may be offered in a DUI trial. It does not affect the manner or degree of punishment and does not alter any substantive rights conferred on Martin by law. *Livingston v. State*, 264 Ga. 402 (1) (e) (444 SE2d 748) (1994); *Todd v. State*, 228 Ga. 746, 751 (187 SE2d 831) (1972).

4. The August amendment does not violate the uniformity provision of the Georgia Constitution. Art. III, Sec. VI, Par. IV (a), Ga. Const. of 1983.

> "Our State Constitution only requires a law to have uniform operation; and that means that it shall apply to all persons, matters, or things which it is intended to affect. If it operates alike on all who come within the scope of its provisions, constitutional uniformity is secured. Uniformity does not mean universality. This constitutional provision is complied with when the law operates uniformly upon all persons who are brought within the relations and circumstances provided by it." [Cits.] A law which operates uniformly upon all persons of a designated class is a general law within the meaning of the Constitution, provided that the classification thus made is not arbitrary or unreasonable.

*C & S Nat. Bank v. Mann*, 234 Ga. 884, 889 (3) (218 SE2d 593) (1975). The August amendment applies to all persons who were arrested for DUI prior to April 21, 1995. This classification was created to protect the welfare and safety of the general public, see OCGA § 40-5-55 (a), which would have been adversely affected by application of the April amendment to those persons who had been arrested but whose cases had not been disposed of, prior to the enactment of the April amendment.

We hold that the August amendment "operates uniformly throughout the state upon the subject or class of subjects with which it proposes to deal, [cits.]" *Lasseter v. Ga. Public Svc. Comm.*, 253 Ga. 227, 229 (2) (319 SE2d 824) (1984), and that the Legislature's classification of the designated class is neither arbitrary nor unreasonable. See generally *McAllister v. American Nat. Red Cross*, 240 Ga. 246 (2) (240 SE2d 247) (1977).

5. It follows from our holding in Division 4 that the August amendment does not violate Art. III, Sec. VI, Par. IV (c), Ga. Const. of 1983, which prohibits *special* laws relating to the rights or status of private persons.

6. The August amendment does not violate federal or State equal protection rights. U. S. Const., Amend. XIV; Art. I, Sec. I, Par. II, Ga.

Const. of 1983.

Where a criminal statute does not discriminate on racial grounds or against a suspect class, equal protection . . . concerns are satisfied if the statute bears a "reasonable relation to a proper legislative purpose" and is "neither arbitrary nor discriminatory." [Cit.]

*Fleming v. Zant*, 259 Ga. 687, 688 (1) (386 SE2d 339) (1989). See also *Reed v. State*, 264 Ga. 466 (448 SE2d 189) (1994) (setting forth two-prong test to an evaluation of legislation under an equal protection claim).

The August amendment distinguishes between persons arrested for DUI before April 21, 1995 and those arrested after that date. This classification is neither arbitrary nor unreasonable for the reasons set forth in Division 4, supra.

7. Accordingly, we conclude that the August amendment is valid and its provisions apply to this case. Accord *Howard v. State*, 219 Ga. App. 228 (465 SE2d 281) (1995). The record establishes that the implied consent warning given Martin satisfied the applicable statutory requirement under former OCGA §§ 40-5-67.1 and 40-6-392. *Howard*, supra. Accordingly, the trial court did not err by denying Martin's motion.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 12, 1996.

*Keith C. Martin, Solicitor,* for appellant.
*J. Michael Mullis,* for appellee.
*Michael J. Bowers, Attorney General, Daryl A. Robinson, Neal B. Childers, Senior Assistant Attorneys General,* amicus curiae.