## A95A2215. PARK v. THE STATE.
(469 SE2d 353)

BLACKBURN, Judge.

James Park appeals his conviction of driving under the influence of alcohol and driving with an unlawful alcohol concentration. Park was found not guilty of failure to maintain lane.

1. In his first enumeration of error, Park contends the trial court erred by denying his motion to suppress evidence of the breath test he took at the time of his arrest. Based on recent amendments to OCGA § 40-5-67.1, Park challenges the sufficiency of the implied consent rights read to him by the arresting officer.

Park was arrested on September 5, 1994, for DUI and failure to maintain lane. Park was tried and convicted on February 28, 1995. Thereafter, he filed a motion for new trial on March 6, 1995, an amended motion for new trial on May 30, 1995, and a second amended motion for new trial on June 2, 1995. The trial court denied Park's motions for new trial on June 2, 1995.

In Park's second amended motion for new trial and at the hearing on his motion he asserted that the trial court erred in denying his motion to suppress the breath test because the arresting officer had failed to inform him of his right to a second test by a "qualified" person of his own choosing. The arresting officer informed Park of his

right to have a second test by personnel of his own choosing, omitting the word "qualified." On appeal, Park abandons the argument he raised in the trial court and, instead, asserts that our opinion in *Martin v. State*, 217 Ga. App. 860 (460 SE2d 92) (1995), requires reversal. Because we decided *Martin* and the legislature amended OCGA § 40-5-67.1 after the docketing of this case, we address this enumeration of error.

During the regular 1995 legislative session, the legislature amended OCGA § 40-5-67.1 and thereby required that specific language be used as the implied consent warning in all cases pending at the time of its approval by the Governor on April 21, 1995. See *Martin*, supra. Thereafter, the legislature, in a special session held in August 1995, passed an amendment to OCGA § 40-5-67.1, which the Governor signed into law, adding subsection (b.1) which provided that subsection (b), requiring the specific language, would apply only to offenses committed on or after April 21, 1995. Offenses committed prior to that date, as in the present case, are governed by former Code sections 40-5-67.1 and 40-6-392. OCGA § 40-5-67.1 (b.1).

On February 12, 1996, the Georgia Supreme Court reversed our decision in *Martin*, supra. *State v. Martin*, 266 Ga. 244 (466 SE2d 216) (1996). Therein, the Supreme Court determined that while our opinion was correct at the time it issued, the subsequent August amendment was retroactive and could be applied in *Martin*. Such application did not violate federal or state ex post facto constitutional provisions, the uniformity provision of the Georgia Constitution, Art. III, Sec. VI, Par. IV (c), or federal or state equal protection rights. Id. Therefore, this case is controlled by the above Supreme Court holding.

Under former OCGA § 40-5-67.1, the implied consent warning read to Park by the arresting officer was sufficient. See *Howard v. Cofer*, 150 Ga. App. 579 (2) (258 SE2d 195) (1979). The trial court did not err in denying Park's motion to suppress.

2. Park contends the trial court erred in its charges to the jury regarding a less safe driver. Specifically, Park argues that the trial court's charge that "a driver who is less safe is less efficient. Such a driver is less skillful, less competent, less able, less qualified and less proficient," constituted a comment on the evidence as to his guilt. Immediately following the objected-to portion, the trial court further charged that "[t]his and all other questions of fact are for you, the jury, to decide."

In *Anderson v. State*, 226 Ga. 35, 36-37 (172 SE2d 424) (1970), the Georgia Supreme Court noted that "[o]bviously a driver who is less safe is less efficient. He is less skillful, less competent, less able, less qualified, less proficient and less efficient. Each of the words would convey the same message to the jury. The driver must be so

affected by the intoxicant that it adversely affected his operation of the motor vehicle." Park argues that mere recitation in an appellate opinion does not create a proper charge. While recognizing that Park's argument is true, we find that the charge given in the present case reviewed as a whole, did not improperly comment on the evidence and did not infringe on the jury's decision-making authority. See *Jackson v. State*, 214 Ga. App. 683 (448 SE2d 763) (1994).

Park contends that the trial court gave inconsistent and conflicting charges. Specifically, he argues that the charge: "The manner of driving may be taken into account where there is evidence that the Defendant has been drinking. Merely showing the Defendant has been drinking without proof of Defendant's driving or manner of driving is not sufficient," is inconsistent with the charge: "There is no requirement that a person actually commit an unsafe act in order to be charged with driving under the influence of alcohol and that he is a less-safe driver." However, Park does not address why the charges are confusing. As the charges given were correct statements of the law, and we do not believe that the charge as a whole would mislead a jury of average intelligence, we find no error. See *State v. Smith*, 196 Ga. App. 876, 877 (397 SE2d 304) (1990).

3. Park contends the trial court erred in granting the State's motion in limine which limited his cross-examination of the arresting officer regarding the standards of the National Highway Transportation and Safety Administration. The arresting officer testified at the motions hearing that he was not aware of any NHTSA guidelines which he was required to follow. This enumeration of error is controlled adversely to Park by our decision in *Torrance v. State*, 217 Ga. App. 562 (1) (458 SE2d 495) (1995).

4. In his final enumeration of error, Park asserts the trial court erred in granting the State's motion in limine which limited his cross-examination of the officer conducting the breath tests regarding the Taguchi cell.

In *Lattarulo v. State*, 261 Ga. 124, 127 (401 SE2d 516) (1991), the Georgia Supreme Court recognized that the Intoximeter 3000 currently approved for use in Georgia has the Taguchi cell disengaged. The Taguchi cell is "a device that measures acetone and other substances that might interfere with the test result[s]." Id. During the hearing on the pretrial motions in the present case, Park's counsel stated "we do not have any scientific evidence to offer in the way of acetone ingestion or foreign substances."

While it is true that Park could cross-examine the testing officer regarding possible malfunction of the Intoximeter 3000, see id., cross-examination regarding the Taguchi cell would be irrelevant in a case where acetone or foreign substance ingestion was not in issue. "The right of cross-examination is not abridged where examination is lim-

ited by the trial judge to relevant matters by proper questioning. [Cits.] Controlling the scope or extent of cross-examination is a matter resting within the sound discretion of the trial court [cit.] and, in the absence of an abuse of discretion in controlling the scope or extent thereof, an appellate court will not interfere [cit.]." *Stephens v. State*, 207 Ga. App. 645, 646 (428 SE2d 661) (1993). In the present case, the trial court did not abuse its discretion in limiting cross-examination to relevant matters.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 15, 1996.

*Teddy R. Price*, for appellant.

*Ralph T. Bowden, Jr., Solicitor, Shannon L. Goessling, W. Cliff Howard, Assistant Solicitors*, for appellee.