A96A0067. THE STATE v. GOLUB.
(470 SE2d 331)

BIRDSONG, Presiding Judge.

Appellee Joseph Golub, Jr. is charged with one count of DUI in violation of OCGA § 40-6-391 and one count of driving without headlights in violation of OCGA § 40-8-20. The State appeals the trial court's order granting appellee's motion in limine to suppress evidence of appellee's refusal to submit to a state-administered chemical breath test. Appellee's motion was grounded upon a claim that he was not properly advised of his implied consent rights pursuant to OCGA § 40-5-67.1. The trial court relied upon *Martin v. State,* 217 Ga. App. 860 (460 SE2d 92), which held that the April 1995 statutory amendment to OCGA § 40-5-67.1 (requiring the reading of precise implied consent language at the time a chemical test or tests are requested) was to be applied to all cases pending at the time the amendment was approved by the governor, that is, April 21, 1995. However, by further statutory amendment, effective August 18, 1995, OCGA § 40-5-67.1 was modified to provide inter alia that the new implied consent warning requirement would apply only as to "an offense committed on or after April 21, 1995." *Held*:

In *State v. Martin,* 266 Ga. 244 (466 SE2d 216), our holding in *Martin v. State,* supra, was reversed and the provisions of the August 18, 1995 amendment were found to be valid. Therein the Supreme Court determined that while the *Martin* opinion was correct at the time it issued, the subsequent August amendment was retroactive and should be applied.

Specifically, the August amendment was found (1) not to violate federal or state ex post facto constitutional provisions; (2) not to violate the uniformity provisions of the Georgia Constitution; (3) not to violate state constitutional provisions prohibiting special laws relating to the rights or status of private parties; and (4) not to violate federal or state equal protection rights. *State v. Martin,* supra at Divisions 3-6.

As the trial court based its grant of the motion in limine suppressing the evidence at issue on this Court's holding in *Martin v. State,* supra, judgment must be reversed and the case remanded for further consideration by the trial court consistent with the holding in *State v. Martin,* supra. See also *Howard v. State,* 219 Ga. App. 228 (465 SE2d 281). In reconsidering this issue, the trial court is to be

guided by the law applicable to implied consent warnings in situations where the request for testing is made regarding an offense occurring before April 21, 1995, including inter alia that a suspect is not entitled to a warning which tracks the exact language of the implied consent statute; the sufficiency of the warning is to be judged by its content and not its form; and the warning must inform the suspect that he could have an additional test by a qualified person of his own choosing. *Howard v. State*, supra at 230, and cases cited therein.

*Judgment reversed and case remanded. Beasley, C. J., and Blackburn, J., concur.*

DECIDED MARCH 25, 1996.

*Kenneth W. Mauldin, Solicitor, Tracy D. Stephens, Assistant Solicitor, Ethelyn N. Simpson*, for appellant.
*Joel N. Shiver*, for appellee.