### A96A0610. STYMEST v. THE STATE.
(470 SE2d 806)

RUFFIN, Judge.

On January 7, 1995, an officer stopped James Stymest for speeding. He was subsequently convicted of driving under the influence. Stymest filed a motion to suppress his Intoximeter test results on the ground that the implied consent warning administered by the arresting officer did not track the language of OCGA § 40-5-67.1 (b) as amended in April 1995 ("the April amendment"). Ga. L. 1995, p. 1160. This motion was denied by the Probate Court of Douglas County. Stymest petitioned the Superior Court of Douglas County by writ of certiorari to review the probate court's denial of his motion to suppress. The superior court affirmed the probate court. Stymest appealed, asserting as his sole enumeration of error the denial of his motion to suppress based on the arresting officer's failure to administer an implied consent warning which contained the language of the April amendment. In August 1995, the legislature further amended OCGA § 40-5-67.1 by adding subsection (b) (3) (b.1), which provides

that the April amendment is applicable only to stops made after April 21, 1995 ("the August amendment"). Because the Supreme Court upheld the August amendment as constitutional (*State v. Martin*, 266 Ga. 244 (466 SE2d 216) (1996)), and Stymest was stopped on January 7, 1995, we find his enumeration to be without merit and affirm the superior court. See *Howard v. State*, 219 Ga. App. 228 (2) (465 SE2d 281) (1995).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED MAY 2, 1996.

*Sherrod & Bernard, John W. Sherrod*, for appellant.
*Hartley, Rowe & Fowler, Jeffrey P. Richards*, for appellee.