S96A0686. STATE OF GEORGIA v. UNION.
S96A0687. STATE OF GEORGIA v. GINN.
(475 SE2d 915)

HINES, Justice.

Joseph Union was arrested for driving under the influence of alcohol on January 28, 1995. Michael Ginn was arrested for driving

under the influence of alcohol on October 14, 1994.[1] Separate trial courts granted Union's motion in limine to exclude the results of a State designated alcohol test and Ginn's motion to suppress the results of a similar test. The State appeals. We consolidate the two cases for consideration because the legal issue is the same, and we reverse.

1. The trial courts granted the motions to exclude and suppress the results of the State designated alcohol tests because the implied consent warnings given to Union and Ginn did not contain the specific language required by OCGA § 40-5-67.1 (b) (2).[2] The courts reasoned that because the language was mandatory and applicable to all pending cases, the State failed to show compliance with the statutory requirements. The State asserts that the legislature remedied this problem in a special session held in August 1995, in which it amended OCGA § 40-5-67.1, by adding subsection (b.1) which provides that subsection (b), requiring exact language, only applies to offenses committed on or after April 21, 1995. Therefore, offenses committed prior to that date, as in the cases before us, are controlled by former Code §§ 40-5-67.1 and 40-6-392. OCGA § 40-5-67.1 (b.1). Union and Ginn assert that such an application is unconstitutional. This enumeration of error is controlled by our holding in *State v. Martin*, 266 Ga. 244 (466 SE2d 216) (1996), in which we determined that the August 1995 amendment to OCGA § 40-5-67.1 is constitutional.

2. The evidentiary record shows that under former Code § 40-5-67.1, the implied consent warnings read to Union and Ginn by the arresting officers were sufficient. See *Howard v. State,* 219 Ga. App. 228, 229 (2) (465 SE2d 281) (1995), and *Howard v. Cofer*, 150 Ga. App. 579 (2) (258 SE2d 195) (1979). Accordingly, the trial courts erred in holding that the State failed to demonstrate compliance with the implied consent statute.

*Judgments reversed. All the Justices concur.*

DECIDED JULY 15, 1996.

*Kenneth W. Mauldin, Solicitor, Kelley Matthews, Ethelyn N. Simpson, Assistant Solicitors,* for appellant.

*J. Robert Daniel,* for appellee (case no. S96A0686).

---

[1] Ginn was also charged with the offenses of no proof of insurance, open container, carrying a pistol without a license, and carrying a deadly weapon at a public gathering.

[2] During the regular 1995 session, the legislature amended OCGA § 40-5-67.1 and thereby required that specific language be used as the implied consent warning in all cases pending at the time of its approval by the Governor on April 21, 1995.

*James E. Hudson,* for appellee (case no. S96A0687).