A97A1903. CANTWELL v. THE STATE.
(497 SE2d 609)

ANDREWS, Chief Judge.

James William Cantwell appeals his conviction entered after a jury found him guilty of driving under the influence to the extent that it was less safe to drive and red light violation. We affirm.

The evidence at trial showed that an officer stopped Cantwell after he saw Cantwell run a red light. When Cantwell complied with the officer's request to get out and walk to the rear of the car, the officer noticed that Cantwell was unsteady on his feet and had a strong odor of alcohol about him. The officer asked Cantwell how much he had to drink and Cantwell at first replied three drinks, but then changed the answer to four beers. The officer gave Cantwell three field sobriety tests, the Horizontal Gaze Nystagmus, the walk and turn, and the leg stand. The officer testified that Cantwell was unable to keep his head still during the Horizontal Gaze Nystagmus, was unsteady, was unable to keep his balance, and was unable to follow simple instructions. As a result of Cantwell's performance on these tests, the officer arrested him for running a red light and DUI.

Prior to trial, the State made a motion in limine to exclude any mention of the National Highway Traffic Safety Administration (NHTSA) training the arresting officer had received in administering and evaluating field sobriety tests. The State said the officer would

be testifying as a lay witness and only as to his observations of the defendant as he performed the test. The officer would not testify as to any "point system" or whether the defendant passed or failed the tests.

Cantwell opposed the motion, claiming that since the officer had received NHTSA training, he had the right to cross-examine him on this training and on the methods used when administering the field sobriety tests. Cantwell also argued that if he were prevented from questioning the officer on whether his method of administering the tests conformed with the training he received, he would be prevented also from calling an expert witness at trial to testify as to the proper methods of administering and evaluating the tests, thereby violating his right to a complete defense and a fair trial under the Sixth Amendment.

The trial court granted the State's motion, finding that since the officer would be testifying as a layman, any mention of NHTSA training would not be relevant. This appeal followed.

1. This issue has already been decided adversely to Cantwell in *Torrance v. State*, 217 Ga. App. 562, 563 (458 SE2d 495) (1995). In *Torrance*, we held that since training in NHTSA rules and procedures is not required of police officers in Georgia, allowing the officer to be cross-examined on these methods would be irrelevant.

Cantwell argues that *Torrance* does not apply in this case because here the officer admitted he was trained in NHTSA procedures. This is also irrelevant. First, *Torrance* is silent as to whether or not the officer in that case received any NHTSA training. Further, if the State chooses to have the officer testify as a lay witness and describe the actions of the defendant in performing simple exercises such as the "leg lift" and "walk and turn" without referring to any "points" system or using the words "pass" or "fail," cross-examination on NHTSA procedures is irrelevant, regardless of whether the officer is trained in them or not.

Moreover, it is perfectly proper to allow the officer to testify as a lay witness on these matters. "Physical manifestations of impairment" when performing the "walk and turn" and "leg lift" sobriety tests can be "as obvious to the layperson as to the expert." *Hawkins v. State*, 223 Ga. App. 34, 36 (476 SE2d 803) (1996). Accordingly, the trial court did not abuse its discretion in prohibiting Cantwell from cross-examining the officer on NHTSA procedures. *Park v. State*, 220 Ga. App. 215, 218 (469 SE2d 353) (1996); *Torrance*, supra.

2. In light of the above holding and because Cantwell's expert witness stated he would be unable to testify about the adequacy or inadequacy of the field sobriety tests in question if prevented from referring to the NHTSA standards, it follows the trial court did not abuse its discretion in restricting the expert witness's testimony.

*Hawkins,* supra at 40.

Judgment affirmed. *McMurray, P. J., Pope, P. J., Beasley and Johnson, JJ., concur. Blackburn and Smith, JJ., dissent.*

BLACKBURN, Judge, dissenting.

I must respectfully dissent from Division 1 and the judgment of the majority. The majority concludes that the trial court correctly restricted the defendant's right to present evidence which related directly to the weight and credibility of the State's evidence regarding the field sobriety tests administered by the arresting officer. I must dissent, because beyond the officer's testimony regarding the defendant's performance on the field sobriety tests, sufficient evidence of guilt was not presented.

In *State v. Pastorini,* 222 Ga. App. 316, 318 (2) (474 SE2d 122) (1996) and *Cann-Hanson v. State,* 223 Ga. App. 690, 691 (1) (478 SE2d 460) (1996), we held that the results of field sobriety tests were admissible despite evidence that the tests were not administered in compliance with the National Highway Traffic Safety Administration guidelines for such tests. In so holding, we stated that the defendant's "expert testimony indicating that the officer had failed to administer the tests in accordance with his training, . . . affects only the weight to be given to the tests. . . . The weight and credibility of evidence such as this should be left for jury determination." *Pastorini,* supra at 319.

In the present case, the defendant's evidence went to the heart of his attack on the State's case, i.e., the weight and credibility of the field sobriety tests. Under such circumstances, the trial court should have allowed the defendant the opportunity to present his case. We have previously held in many contexts that "[i]f there was doubt as to admissibility of the evidence, it was better admitted and its weight and credibility left to the jury." *Ochle v. State,* 218 Ga. App. 69, 73 (459 SE2d 560) (1995). Such rule should have been followed in this case.

*Torrance v. State,* 217 Ga. App. 562 (1) (458 SE2d 495) (1995) is distinguishable from the present case in that there is evidence in the present case, unlike *Torrance,* that the officer had received training from the Georgia Peace Officer Standards and Training Council and the National Highway Traffic Safety Administration (NHTSA) which certified him to administer field sobriety evaluations. Therefore, the officer is subject to cross-examination on this training and the tests he administered, as it is within his knowledge. Defendant is also authorized to present the testimony of his own expert who was available for testimony, unlike *Torrance. Torrance* held that "The question whether to allow a NHTSA-trained expert witness to testify for appellant is also moot, as no such witness was available at the time

of motion or trial."

I am authorized to state that Judge Smith joins in this dissent.

DECIDED MARCH 5, 1998 ▪

*William C. Head*, for appellant.
*Keith C. Martin, Solicitor, Kimberly A. Gross, Assistant Solictor*, for appellee.