## A01A0439. COLLINS v. THE STATE.
### (545 SE2d 607)

ELDRIDGE, Judge.

A Fulton County jury found Michael Collins guilty of driving under the influence of alcohol ("DUI") — less safe driver. In his sole enumeration of error, he contends that he received ineffective assistance of counsel at trial because his trial attorney failed to object to testimony from one of the arresting officers that Collins "failed" the field sobriety tests given on the scene.

Trial counsel handled Collins' motion for new trial in the court below, so a claim of ineffective assistance of counsel was not raised therein and no evidence has been adduced on this issue. Further, the record shows that the instant appeal is the earliest practicable moment that current counsel could raise an ineffective assistance claim against trial counsel. Notwithstanding, if Collins' claim of error can be resolved as a matter of fact or law upon the existing record, we will not remand this case.[1]

> To establish ineffectiveness, a defendant must prove that his trial counsel's performance was deficient and the deficiency prejudiced his defense to the extent that there was a reasonable probability the result of the trial would have been different but for defense counsel's unprofessional deficiencies. Absent a showing of prejudice, inquiry into counsel's alleged deficiency is unnecessary.[2]

We agree with Collins that the term field sobriety "tests" is a misnomer. "These are physical dexterity exercises that common sense, common experience, and the 'laws of nature' show are performed less well after drinking alcohol."[3] However, it does not follow that using the word "failed" in conjunction with the misnomer "tests" demands objection by a defense counsel or ineffective representation results. The pertinent question here is whether the outcome of the trial would have been different if the officer had testified that Collins

---

[1] *Gomillion v. State*, 236 Ga. App. 14 (512 SE2d 640) (1999).

[2] (Citations omitted.) *Hardegree v. State*, 230 Ga. App. 111, 113 (4) (495 SE2d 347) (1998).

[3] *Hawkins v. State*, 223 Ga. App. 34, 36 (476 SE2d 803) (1996).

"did not properly perform the field sobriety exercises," rather than Collins "failed the field sobriety tests." We think not. The substance of the testimony would have been the same. And Collins has not shown that the semantics in which the inculpatory facts were couched affected the outcome of the trial.

Further, and contrary to Collins' position, our decisions in *Wofford v. State*[4] and *Cantwell v. State*[5] do not stand for the proposition that an officer's use of the word "failed" in relation to field sobriety tests is "inadmissible." In neither case has this Court addressed the merits of such term.

In *Wofford*, the trial court ruled in limine that the arresting officer "could not use the words he passed or failed a test."[6] We were asked to review the trial court's subsequent denial of defendant's motion for mistrial based on a violation of the trial court's in limine ruling. Our decision was grounded in the trial court's discretion in such matters; we did not hold that the term "failed" was inadmissible.

In *Cantwell*, the issue was the trial court's refusal to allow the defendant to cross-examine an arresting officer on the methods and procedures promulgated by the National Highway Traffic Safety Administration ("NHTSA"). We held that when an officer testifies as a lay witness without referring to any "points" system or using the words "pass" or "fail," cross-examination on NHTSA procedures is irrelevant, and thus the trial court did not abuse its discretion in refusing to permit such cross-examination. We did not hold that the term "failed" is inadmissible.

Here, as a matter of law, Collins has not demonstrated that there is a reasonable probability the result of the trial would have been different if defense counsel had objected to the arresting officer's use of the term "failed" in relation to the field sobriety tests. Clearly, alternative language conveying the fact that Collins did not adequately perform the tests would have had the same inculpatory effect. And, in fact, a second arresting officer testified at trial as to the same damaging facts, albeit absent the language about which Collins now complains. Since as a matter of law Collins has not demonstrated the prejudice prong of the two-prong *Strickland*[7] test, remand is unnecessary in this case.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

---

[4] 234 Ga. App. 316 (506 SE2d 656) (1998).
[5] 230 Ga. App. 892 (497 SE2d 609) (1998).
[6] *Wofford v. State*, supra at 316-317.
[7] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

64

*Wanda S. Jackson*, for appellant.
*Joseph J. Drolet, Solicitor, Marko L. Burgar, Assistant Solicitor,* for appellee.