### A90A1176. THE STATE v. SMITH.
(397 SE2d 304)

CARLEY, Chief Judge.

Appellee was arrested and charged with driving under the influence in violation of OCGA § 40-6-391 (a) (1). He filed a pre-trial motion to suppress. The trial court granted appellee's motion and the State appeals.

The officers testified that they had originally stopped appellee's motorcycle to investigate a possible license plate violation and the trial court correctly found that this stop was authorized. See generally *Freeman v. State*, 194 Ga. App. 303 (1) (390 SE2d 300) (1990). However, the trial court found that appellee's subsequent arrest for driving under the influence was illegal because nothing in the manner in which appellee operated his motorcycle had ever given the officers any reason to believe that he was actually a less safe driver.

In granting appellee's motion to suppress on this finding, the trial court erred. Because appellee's initial stop had not been based upon probable cause or an articulable suspicion to believe that he was driv-

ing under the influence, the officers' lack of any observations regarding appellee's manifestation of signs of possible intoxication while operating his motorcycle prior to the initial stop is irrelevant. After stopping appellee to investigate a possible tag violation, the officers testified, without dispute, that appellee was unsteady on his feet and evidenced a strong odor of alcohol. This uncontroverted evidence regarding appellee's condition after the initial stop was sufficient to show probable cause to arrest him for driving under the influence. See generally *State v. Greene*, 178 Ga. App. 875 (1) (344 SE2d 771) (1986); *McElroy v. State*, 173 Ga. App. 685 (1) (327 SE2d 805) (1985). The fact that the officers never observed appellee actually operate his motorcycle in a "less safe" manner would be immaterial to the existence of probable cause for his arrest or to his guilt for violating OCGA § 40-6-391 (a) (1). "There is no requirement that the person actually commit an unsafe act. [Cits.]" *Moss v. State*, 194 Ga. App. 181, 182 (390 SE2d 268) (1990).

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 14, 1990.

*Keith C. Martin, Solicitor, Jackie N. Stanton, Assistant Solicitor,* for appellant.
*John L. Watson, Jr.,* for appellee.