A94A2388. CUNNINGHAM v. THE STATE.
(454 SE2d 176)

POPE, Presiding Judge.

Defendant David Cunningham was convicted following a bench trial of driving under the influence of alcohol in violation of OCGA

§ 40-6-391 (a) (1), and appeals.

1. In his first enumeration defendant argues that there was no probable cause to warrant his arrest for driving under the influence, and therefore, that the trial court erred in denying defendant's motion to dismiss. We find this argument to be meritless. The record in this case shows that on July 17, 1993, Officer Gay of the Millen Police Department was dispatched to The Country Store in response to two calls the police department received, which indicated that someone was driving a red truck in a dangerous manner near the store. The red truck was not at the store when Officer Gay arrived. While Gay was speaking with some people at the store, however, a red truck driven by defendant pulled into view and made a wide turn, driving up onto the sidewalk. The people Gay was talking to indicated that this was the same man who had been there earlier. Based on this information and his own personal observation of the wide turn, Officer Gay stopped defendant.

Officer Gay testified that after he stopped defendant, he observed defendant stumble upon getting out of the truck. Gay also testified that before he arrested defendant, Gay tried to have a conversation with defendant, during which Gay noticed a strong odor of alcohol on defendant's breath; that defendant slurred his speech; was unsteady on his feet; and that defendant had red, glassy eyes. Based on the above, we reject defendant's contention that the stopping of his truck was unlawful as being without probable cause. The record clearly indicates that there was at least reasonable and articulable suspicion sufficient to authorize the stop. See *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968). Additionally, the facts set forth above demonstrate that Officer Gay had probable cause at the time he arrested defendant to believe that defendant was driving under the influence of alcohol to the extent that it was less safe for him to be driving. See *Griggs v. State*, 167 Ga. App. 581 (307 SE2d 75) (1983). Consequently, we conclude that the trial court did not err in denying defendant's pre-trial motion to dismiss.

2. In his second enumeration, defendant contends that the trial court erred in failing to grant his first oral motion to exclude the results of his Intoximeter 3000 test. Specifically, defendant argues that the results should have been excluded because the test was improperly and incompetently administered. We disagree. Officer Gay, who performed the test, testified that he was certified to operate the machine and that he followed the guidelines for testing. Additionally, Gay testified that the Intoximeter 3000 had been checked periodically by the Georgia State Patrol. This testimony provided a proper foundation for the admission of the test results. See *Harris v. State*, 199 Ga. App. 457 (405 SE2d 501) (1991). "The defendant's challenge to the reliability of the test results did not affect their admissibility

under these circumstances, but went merely to the weight to be placed on them by the [trier of fact]. *Dotson* [*v. State*, 179 Ga. App. 233 (345 SE2d 871) (1986)]. Accord *Burks v. State*, 195 Ga. App. 516 (2) (a) (394 SE2d 136) (1990)." (Punctuation omitted.) *Harris*, 199 Ga. App. at 459. Therefore, the trial court properly denied defendant's first motion to exclude the test results.

3. Defendant also contends that the trial court erred in failing to exclude the Intoximeter 3000 test results because he was not properly advised of his implied consent rights. This argument is also meritless. Although Officer Gay admitted that he did not recite the statutory provisions of Georgia's implied consent law to defendant verbatim, Officer Gay's undisputed testimony shows that he sufficiently notified defendant of his implied consent rights prior to defendant taking the Intoximeter 3000 test. See *Howard v. Cofer*, 150 Ga. App. 579, 580 (258 SE2d 195) (1979). Consequently, we conclude that the trial court did not err in denying defendant's second oral motion to suppress.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

Decided February 10, 1995.

*Jerry M. Daniel*, for appellant.
*R. H. Reeves III*, for appellee.