A96A2044. CANN-HANSON v. THE STATE.
(478 SE2d 460)

ANDREWS, Judge.

Robert Cann-Hanson was tried before a jury and found guilty of speeding and driving a moving vehicle with an alcohol concentration in his blood in excess of .10 grams in violation of OCGA § 40-6-391 (a) (4). On appeal from the judgment entered on the guilty verdicts, he enumerates as error that: (1) the trial court erroneously denied his motion to suppress the results of the breath test showing an alcohol concentration in his blood of .16 grams, and (2) the evidence was insufficient to support the verdicts. We find no error and affirm both convictions.

1. Cann-Hanson moved to suppress the breath test results on the

basis that the test was administered pursuant to an arrest made without probable cause to believe that he was driving under the influence of alcohol. Based on the evidence presented at the pre-trial suppression hearing and at trial, we find no error in the trial court's denial of the motion to suppress.

The arresting officer testified that he followed the car Cann-Hanson was driving on Interstate 85, matched its speed with his patrol car, and observed that Cann-Hanson was traveling 74 mph in a 55-mph zone. After stopping Cann-Hanson for speeding, the officer noticed his eyes were bloodshot and watery, and he had a faint odor of alcoholic beverage on his breath. After Cann-Hanson was unable to successfully complete three field sobriety tests, he was arrested and charged with driving under the influence of alcohol. The officer read Cann-Hanson his implied consent rights, he consented to a State-administered breath test, and the test results admitted at trial showed that he had a blood-alcohol concentration of .16 grams.

Contrary to Cann-Hanson's contention, the results of the field sobriety tests constituted admissible evidence of probable cause to support the arrest, despite evidence that the arresting officer did not fully comply with every National Highway Traffic Safety Administration (NHTSA) guideline for administration of the tests. As to the non-scientific "walk and turn" and "leg lift" tests administered by the officer, evidence that the officer did not fully comply with NHTSA guidelines did not destroy the probative value of the tests and render them inadmissible for purposes of determining if there was probable cause for the DUI arrest, but affected only the weight and credibility of the behavioral observations made by the officer. *State v. Pastorini*, 222 Ga. App. 316, 319 (474 SE2d 122) (1996). As to the horizontal gaze nystagmus (HGN) test administered by the officer, which is considered a scientific procedure, despite conflicting testimony as to whether the test was administered in an acceptable manner under the NHTSA guidelines, there was evidence to support a conclusion that the test was validly administered so as to produce reliable results and was admissible in determining whether there was probable cause for the arrest. Id.; *Hawkins v. State*, 223 Ga. App. 34 (476 SE2d 803) (1996). The trial court properly considered evidence of the field sobriety tests in denying the motion to suppress.

Even in the absence of the field sobriety tests, the officer's observation that Cann-Hanson had bloodshot, watery eyes and exuded an odor of alcohol was sufficient to show probable cause to arrest him for driving under the influence. *Whitener v. State*, 201 Ga. App. 309, 310 (410 SE2d 796) (1991); *State v. Smith*, 196 Ga. App. 876 (397 SE2d 304) (1990). Accordingly, the trial court did not err by denying the motion to suppress.

2. Cann-Hanson's only argument as to the sufficiency of the evi-

dence supporting the DUI conviction is that the evidence is insufficient without the breath test results, which he claims should have been suppressed. Since we determined the trial court properly denied the motion to suppress the breath test, there is no merit to this claim, and the evidence was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to support the conviction for driving under the influence of alcohol in violation of OCGA § 40-6-391 (a) (4).

The evidence was also sufficient under *Jackson v. Virginia*, supra, to support the speeding conviction. There is no merit to the contention that the arresting officer's testimony as to the speed of the car was irreconcilable with the physical laws of nature and must be disregarded. To the contrary, the officer gave clear, credible testimony that he established Cann-Hanson's speed at 74 mph by following him at that speed for about a quarter of a mile.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 25, 1996.

*Ulysses T. Ware*, for appellant.
*Ralph T. Bowden, Jr., Solicitor, Ashley M. Ferrell, W. Cliff Howard, Assistant Solicitors*, for appellee.