## A99A0727. THE STATE v. DAY.
(516 SE2d 822)

Judge Harold R. Banke.

Charged with DUI, Harold Day successfully moved to suppress evidence obtained during his encounter with police.[1] The State appeals, arguing (i) by the time the encounter progressed to a *Terry* stop, the officer had an articulable suspicion, and (ii) the encounter gave the officer probable cause to arrest Day.

Based on a tip received from a concerned citizen of a possible DUI, Officer Ramey drove up behind Day, who was sitting motionless in his truck on the side of the road, staring straight ahead. Day drove away, traveling approximately 500 feet until he turned into his driveway. He exited his vehicle as Officer Ramey approached and upon request presented identification and proof of insurance. The officer detected the odor of an alcoholic beverage on his breath. When asked, Day admitted he had drunk a half-pint of alcohol.

Officer Ramey then conducted a series of field sobriety tests, which Day performed poorly. He excluded the letters Q through Z when reciting the alphabet; he refused to follow instructions in the walk-and-turn test and was unsteady; and his eyes involuntarily jerked during the horizontal gaze nystagmus test. Officer Ramey arrested him and cited him for driving under the influence. Day consented to a breath test, which was administered at the jail.

Day moved to suppress all evidence obtained as a result of the encounter with police, including the breath test. Granting the motion, the court found that the officer lacked an articulable suspicion to approach Day and that she lacked probable cause to arrest him. *Held*:

1. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994), sets forth the applicable standard of review:

---

[1] To the extent the motion sought to exclude testimony, it is more accurately denominated a motion in limine. *McClain v. State*, 226 Ga. App. 714, 715-716 (1) (487 SE2d 471) (1997).

> While the trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.

Based on the undisputed evidence, approaching Day after he had voluntarily stopped was not a "stop" or "seizure" for Fourth Amendment purposes. Officer Ramey had followed Day without turning on her blue lights or a siren. After parking his truck, Day exited on his own accord. Only then did she approach him, asking for his driver's license, proof of insurance, and whether he had been drinking.

> The actions of an officer approaching a stopped vehicle, requesting to see a driver's license, and inquiring about possible criminal or suspicious activity clearly fall within the realm of the first type of police-citizen encounter and do not amount to a stop. [Cits.]

*McClain v. State*, 226 Ga. App. 714, 716-717 (487 SE2d 471) (1997); see also *State v. Kaylor*, 234 Ga. App. 495 (507 SE2d 233) (1998). "Similarly, a police officer may approach citizens who are on foot to make inquiries without fear of intruding on constitutional rights. [Cits.]" *McClain*, supra, 226 Ga. App. at 717, n. 2.

When the officer asked Day to perform the field sobriety checks, the encounter became a *Terry* stop. Construing the evidence in Day's favor, he was no longer free to decline the officer's requests or otherwise terminate the encounter. This brief investigatory stop of Day was constitutionally proper, for at that point the officer had a reasonable, articulable suspicion of criminal activity. She had witnessed him sitting motionless in his car on the side of the road; she had seen him drive to his residence; she had smelled the odor of an alcoholic beverage on his breath; and he had admitted to recently drinking alcohol. See *McClain*, supra, 226 Ga. App. at 718.

Based on the undisputed facts, the court erred as a matter of law in holding an articulable suspicion was necessary to approach Day. An approach is not a stop. At the point the encounter progressed into a stop, the officer had an articulable suspicion of criminal activity.

2. The State also contends the court erred in finding the officer lacked probable cause to arrest Day.

> "For an officer to have sufficient probable cause to conduct a valid DUI arrest, he must have knowledge or reasonably trustworthy information that: (1) defendant was in actual

physical control of a moving vehicle; (2) while under the influence of any drug; (3) to a degree which renders defendant incapable of driving safely."

*Waggoner v. State*, 228 Ga. App. 148, 150 (2) (491 SE2d 88) (1997).

The undisputed facts show Officer Ramey did not arrest Day until after his faltering and unsteady performance of the field sobriety tests. Even in the absence of accurate field sobriety tests, smelling an alcoholic beverage on Day combined with witnessing unsteadiness and hearing him admit to recent drinking suffices for probable cause. See *Cann-Hanson v. State*, 223 Ga. App. 690, 691 (1) (478 SE2d 460) (1996); *State v. Smith*, 196 Ga. App. 876, 877 (397 SE2d 304) (1990).

*Judgment reversed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED APRIL 27, 1999.

*Gwendolyn R. Keyes, Solicitor, Candace N. Kicklighter, Thomas E. Csider, Assistant Solicitors*, for appellant.

*Furlong & Franco, Leonard L. Franco*, for appellee.