A03A2431. THE STATE v. FERRELL.
(589 SE2d 651)

ELDRIDGE, Judge.

The State appeals from the State Court of Glynn County's order granting Lisa Ann Ferrell's motion in limine premised upon an illegal stop of her vehicle. For the reasons that follow, we reverse.

Factual and credibility determinations made by a trial judge after a suppression hearing or a motion in limine hearing to exclude evidence are accepted by appellate courts unless clearly erroneous. However, where[, as here,] the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.[1]

---

[1] (Citation and footnote omitted.) *Sanders v. State of Ga.*, 259 Ga. App. 422 (577 SE2d 94) (2003).

With these principles in mind, the evidence adduced at the suppression hearing shows that Glynn County Police Officer Michelle Hunt responded to a call to Mulligan's bar in order to help end an altercation between Ferrell's husband and another patron. Upon arrival, Officer Hunt observed Ferrell standing outside in the parking lot with several people, including her "upset" husband; these people were urging Ferrell and her husband to "just go ahead and leave." Taking their advice, Ferrell and her husband got into their Camry automobile; Ferrell was driving. Officer Hunt observed her twice attempt to back the car out of the parking space; to the officer, Ferrell "appeared to have some difficulty in backing up. There wasn't anything, you know, that would stop her from backing." Hunt suspected that Ferrell might be an impaired driver, but allowed her to leave Mulligan's and the "lot of intoxicated people" in the parking lot.

After Ferrell departed, Officer Hunt remained at Mulligan's for approximately five minutes. Thereafter, as the officer left, she observed Ferrell's vehicle in the parking lot of the BP gas station adjacent to Mulligan's; the car's parking lights were on although the engine was not running. Afraid that the couple might return to continue the altercation at Mulligan's, Hunt stopped at the BP and approached the parked Camry. Ferrell was sitting behind the wheel. Hunt asked Ferrell for her driver's license and proof of insurance. Ferrell produced them. At that time, the officer,

> smelled an extremely strong odor of alcoholic beverage about [Ferrell's] person, her eyes were red and glassy. I asked her if she had anything to drink and she stated that she had had something to drink, but she wouldn't tell me, you know how much. I asked her if she would submit to some field sobriety tests, and she stated she would.

Ferrell failed to properly perform the field sobriety exercises and refused to blow into an alco-sensor. Hunt arrested her and read her the implied consent warnings. Ferrell refused chemical testing.

Ferrell filed a motion in limine. Following the evidentiary hearing at which only Officer Hunt testified, the trial court issued an order granting the suppression motion because "the stop and the detention of this Defendant was without probable cause." *Held*:

It is well established that an officer's approach to a stopped vehicle and inquiry into the situation are neither a "stop" nor a "seizure" so as to implicate the Fourth Amendment.[2] Thus, it is clear from the record in this case that there was no "stop" of Ferrell since she was

---

[2] *English v. State*, 257 Ga. App. 741, 743 (572 SE2d 86) (2002).

already "stopped" in her parked car.[3] Accordingly, the trial court's conclusion that "the stop . . . of this Defendant was without probable cause" is clearly erroneous.[4]

Further, "even when officers have no basis for suspecting a person, they may ask questions, request identification, and request consent to search — as long as the police do not convey a message that compliance with their requests is required."[5] In this case, there is no evidence — indeed, there was no claim in the court below — that Ferrell felt compelled or coerced into talking to Officer Hunt.[6] To the extent that the encounter ripened into a *Terry*[7] detention when Hunt asked Ferrell to perform field sobriety exercises, a reasonable articulable suspicion existed for this request based upon the strong smell of alcoholic beverage emanating from Ferrell's person; her admission that she had been drinking; her glassy, bloodshot eyes; and her earlier unexplained difficulty in backing out of a parking space at Mulligan's bar.[8] Thereafter, Ferrell's failure to adequately perform the field sobriety exercises, coupled with the grounds related above, provided a sufficient basis to arrest for DUI and seek chemical testing. Accordingly, the trial court's conclusion that "the . . . detention of this Defendant was without probable cause" is clearly erroneous.[9]

We note that, at the time of the evidentiary hearing, the trial court appeared swayed by the fact that Officer Hunt failed to stop Ferrell when she initially drove away from the parking lot of Mulligan's bar; this, although the officer suspected at the time that Ferrell was an impaired driver. The court reasoned that "the window of opportunity closed when the officer allowed [Ferrell] to drive off the scene." It is unclear to us, however, what "window of opportunity" was shut by Ferrell's departure. The fact that Ferrell was initially permitted to drive away from Mulligan's parking lot does not negate evidence that she drove while impaired. Almost immediately after Ferrell departed and while she was still behind the wheel of the Camry, the opportunity arose for Officer Hunt to investigate her con-

---

[3] *State v. Day*, 237 Ga. App. 771, 772 (1) (516 SE2d 822) (1999).

[4] While the trial court utilized a "probable cause" standard for a stop/investigative detention, a "reasonable, articulable suspicion" is the correct legal criterion. *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968).

[5] (Citation and punctuation omitted.) *Palmer v. State*, 257 Ga. App. 650, 652 (1) (572 SE2d 27) (2002); *State v. Day*, supra.

[6] Before this Court, Ferrell asserts by brief that Officer Hunt "conveyed the message that she was not free to leave." However, this contention was not raised below, and Ferrell did not testify that any such message was conveyed to her. Moreover, the trial court made no finding with regard to this newly asserted issue.

[7] *Terry v. Ohio*, supra.

[8] See, e.g., *Vaughn v. State*, 243 Ga. App. 816, 817 (1) (534 SE2d 513) (2000); *Cunningham v. State*, 216 Ga. App. 283 (454 SE2d 176) (1995).

[9] See note 4, supra.

dition. And this investigation into possible criminal conduct is not "time barred." The claim that Ferrell's alcohol impairment might have arisen during the few minutes she was parked at the BP (as opposed to the apparently considerable time she spent at Mulligan's bar) presents an issue for jury resolution; such claim does not provide a legal basis for suppression — especially when, as here, no evidence is presented in support thereof.

*Judgment reversed. Johnson, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 5, 2003.

*Richard H. Taylor, Solicitor-General,* for appellant.
*Lane & Crowe, Robert L. Crowe,* for appellee.