A04A1937. FREDERICK v. THE STATE.
(606 SE2d 615)

MILLER, Judge.

Following a bench trial, Nicky Joe Frederick was convicted of driving under the influence of alcohol. On appeal he contends that the police lacked probable cause to arrest him for DUI. We disagree and therefore affirm.

Where, as here, the salient facts relating to the traffic stop are undisputed and no question regarding the credibility of witnesses is

presented, the trial court's application of the law to the undisputed facts is subject to de novo appellate review. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). Moreover,

> The test of probable cause requires merely a probability — less than a certainty but more than a mere suspicion or possibility. To arrest a suspect for driving under the influence, an officer need only have knowledge or reasonably trustworthy information that the suspect was actually in physical control of a moving vehicle, while under the influence of alcohol to a degree which renders him incapable of driving safely.

(Punctuation and footnotes omitted.) *State v. Sledge*, 264 Ga. App. 612, 614 (591 SE2d 479) (2003).

Here, the evidence reveals that Frederick was stopped at a police roadblock and admitted to the officer there that he had been drinking. The officer smelled a strong odor of alcohol on Frederick, and further observed that his eyes were glossy. The officer administered field sobriety tests, but at the time he testified in court did not have any independent recollection of the results of those tests. The officer, who had extensive experience with DUI cases, was of the opinion that Frederick was under the influence of alcohol to the extent that it was less safe for him to drive, and arrested him.

The trial court properly concluded that the arresting officer had probable cause to arrest Frederick for DUI. Indeed, even without the field sobriety tests, the experienced officer's undisputed testimony that Frederick smelled of alcohol, admitted that he had been drinking, and had glossy eyes sufficed to create probable cause for the arrest. See *Cann-Hanson v. State*, 223 Ga. App. 690, 691 (1) (478 SE2d 460) (1996) ("Even in the absence of the field sobriety tests, the officer's observation that [the defendant] had bloodshot, watery eyes and exuded an odor of alcohol was sufficient to show probable cause to arrest him for driving under the influence.") (citations omitted). Frederick's enumeration of error is without merit.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 9, 2004.

*Head, Thomas, Webb & Willis, Allison E. McCarthy*, for appellant.

*Gerald N. Blaney, Jr., Solicitor-General, Sharon C. Dickson, Assistant Solicitor-General*, for appellee.