A05A1952. LEWIS v. THE STATE.
(622 SE2d 912)

MILLER, Judge.

Following a bench trial, Norman Lewis appeals from his conviction for driving under the influence of alcohol to the extent he was a less safe driver. He enumerates as error the trial court's denial of his motion in limine to exclude his failure to take a breath test and other evidence. Lewis contends that the State did not have probable cause to arrest him. We disagree and affirm.

Where, as here, the evidence is uncontroverted and no question regarding the credibility of the witness is presented, we review de novo the trial court's application of the law to the undisputed facts. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

The evidence presented at the hearing on the motion in limine revealed that an officer received a dispatch to be on the lookout for a white tour bus traveling north on Interstate 75 and weaving in and out of its lane. When the officer spotted a vehicle fitting this description, he stopped the bus and asked the driver, Lewis, to turn off the bus and exit the vehicle. Lewis fumbled with the controls of the bus

and was unsteady as he exited. He smelled of alcohol and his speech was slow and confusing. The officer testified that based on his experience and training, he was of the opinion that Lewis was under the influence of alcohol to the extent that he was a less safe driver.

Lewis argues that the officer lacked probable cause to arrest him for DUI in the absence of field sobriety tests. "The test of probable cause requires merely a probability — less than a certainty but more than a mere suspicion or possibility." (Citations and punctuation omitted.) *Firsanov v. State*, 270 Ga. 873, 875 (3) (513 SE2d 184) (1999). Here, even without field sobriety tests, the experienced officer's undisputed testimony that Lewis weaved out of his lane, had slow speech, smelled of alcohol, and was unsteady on his feet sufficed to create probable cause for his arrest for less-safe DUI. See *Frederick v. State*, 270 Ga. App. 397, 398 (606 SE2d 615) (2004); *Cann-Hanson v. State*, 223 Ga. App. 690, 691 (1) (478 SE2d 460) (1996) ("[e]ven in the absence of the field sobriety tests, the officer's observation that [the defendant] had bloodshot, watery eyes and exuded an odor of alcohol was sufficient to show probable cause to arrest him for driving under the influence") (citations omitted). In this case, a breath test or any other test showing the presence of alcohol was not required to show probable cause to arrest Lewis for less-safe DUI. Thus the trial court did not err when it denied his motion in limine.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED NOVEMBER 4, 2005.

*Scott A. Holt, Scott W. DePlonty*, for appellant.
*Charles A. Spahos, Solicitor-General, Leonard M. Geldon, Assistant Solicitor-General*, for appellee.