## A08A2305. BAYNES v. THE STATE.
### (669 SE2d 227)

ELLINGTON, Judge.

Following a bench trial, the State Court of DeKalb County found Todd Baynes guilty of driving under the influence of alcohol to the extent it was less safe to drive, OCGA § 40-6-391 (a) (1); and failure to stop at a stop sign, OCGA § 40-6-72 (b). Baynes appeals, contending that "the trial court erred [in] finding that [the arresting officer] had probable cause to make an arrest of [him] for driving under the influence of alcohol." Because the officer lacked probable cause to place him under arrest, Baynes contends, the trial court erred in denying his motion to exclude all evidence of the DUI arrest. Finding no error, we affirm.

"When the evidence is uncontroverted and no question of witness credibility is presented, the trial court's application of the law to undisputed facts [in ruling on a motion to suppress or a motion in limine] is subject to de novo appellate review." (Citation and punctuation omitted.) *State v. Tousley*, 271 Ga. App. 874 (611 SE2d 139) (2005).

In this case, it is undisputed that the officer stopped Baynes after seeing him commit a traffic offense, specifically, failing to stop at a stop sign. Because of this, the initial traffic stop was legally justified. See *Steinberg v. State*, 286 Ga. App. 417, 418 (1) (650 SE2d 268) (2007) (the stop of a vehicle is authorized after an officer observes a traffic offense). Then, Baynes' flushed face, the smell of an alcoholic beverage on his breath, and his statement that he recently drank two beers justified a brief investigative inquiry to determine whether he had been driving under the influence of alcohol. *Buchnowski v. State*, 233 Ga. App. 766, 767 (1) (505 SE2d 263) (1998) (smell of alcoholic beverage on a driver's breath and the driver's admission of drinking provide reasonable grounds to conduct a limited DUI investigation).

During the authorized brief investigative inquiry, the officer observed that Baynes' eyes were "bloodshot red," he failed to comply with the officer's instruction to recite the alphabet from D to W (by continuing to Z), he swayed when he walked to the back of the patrol

car, and he failed to comply with the officer's instruction to take nine heel-toe steps forward and nine steps back (but instead took twenty-four steps forward and twenty-four steps back). Based on these observations, the officer had probable cause to arrest Baynes for DUI, less safe. *State v. Day*, 237 Ga. App. 771, 773 (2) (516 SE2d 822) (1999) (even if the field sobriety tests an officer administered to a driver were not accurate, the officer had probable cause to arrest the driver for DUI after the driver admitted recently drinking alcohol and the officer observed that the driver smelled of alcohol, excluded some letters when reciting the alphabet, failed to follow instructions in the walk-and-turn test, and was unsteady). Because the challenged evidence was not the result of a wrongful detention, the trial court did not err in denying Baynes' motion to exclude evidence of the arrest. *Keller v. State*, 286 Ga. App. 292, 296-297 (3) (648 SE2d 714) (2007). Because Baynes stipulated that the evidence as admitted was sufficient to find him guilty beyond a reasonable doubt, we affirm.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 7, 2008.

*Head, Thomas, Webb & Willis, William C. Head*, for appellant. *Robert D. James, Jr., Solicitor-General*, for appellee.