## A09A0375. THE STATE v. BURKE.

(680 SE2d 658)

SMITH, Presiding Judge.

The State appeals from the grant of Michael M. Burke's motion to suppress evidence gathered following the stop of his vehicle and subsequent arrest for DUI — less safe (OCGA § 40-6-391 (a) (1)). The trial court ruled that there was insufficient evidence of impairment and no testimony to suggest that Burke was a less safe driver. For the following reasons, we reverse.

"Where, as here, the salient facts relating to the traffic stop are undisputed and no question regarding the credibility of witnesses is presented, the trial court's application of the law to the undisputed facts is subject to de novo appellate review." *Frederick v. State*, 270 Ga. App. 397, 397-398 (606 SE2d 615) (2004), citing *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).[1]

---

[1] Citing *State v. Sanders*, 274 Ga. App. 393 (617 SE2d 633) (2005), Burke contends that the de novo standard of review does not apply and that the trial court's ruling involves a mixed

YALE LAW LIBRARY

The evidence shows that the arresting officer encountered Burke at 10:26 p.m., when he observed that the license plate on Burke's vehicle had expired. The officer stopped Burke and asked to see his license and insurance. He noticed that Burke's eyes were bloodshot and watery and he smelled a "very strong odor of alcoholic beverage" coming from inside the vehicle. The officer asked Burke to step to the rear of the vehicle. Burke complied and the officer noticed that he was unsteady on his feet. He explained that Burke had to hold on to the door as he exited the vehicle and had to lean against the vehicle as he walked to the rear. The officer also noticed a "very strong odor of alcoholic beverage coming from his breath outside the vehicle." At the officer's request, Burke agreed to take an alco-sensor test, which registered positive for alcohol. The officer testified that he then arrested Burke because he believed Burke was under the influence of alcohol to the extent he was less safe. Burke was transported to jail where he refused to provide breath samples for the Intoxilyzer 5000. No evidence was presented at the hearing that contradicted any of these facts.

Following the hearing on the motion to suppress, the trial court ruled that

> this case does not present other sufficient evidence of the Defendant's intoxication other tha[n] the alco-sensor test. . . . Based upon the testimony presented, the Court finds that there was no indication of any driving impairment on the part of the Defendant. The Trooper merely testified to odor of alcohol, appearance of the Defendant's eyes and the Defendant being unsteady upon exiting the vehicle. There was insufficient evidence regarding the Defendant's appearance and demeanor to support a finding of impairment. Additionally, the Court finds that there was no testimony to suggest that the Defendant was a less safe driver.

"The test of probable cause requires merely a probability — less than

question of fact and law. This court in *Sanders* stated that "[i]n granting Sanders's motion to suppress, the trial court obviously rejected any inference that Sanders was a less-safe driver, thus raising a credibility issue," and that therefore the de novo standard of review is inapplicable. Id. at 394, n. 5. We question whether in all cases the grant of a motion to suppress automatically raises the issue of witness credibility. Certainly the grant of a motion to suppress could arise from the trial court's conclusion that the evidence presented (and believed by the court) is insufficient to establish that the defendant is less safe, as is the case here. In this case, the facts are undisputed, there is no issue regarding the credibility of the arresting officer, and it does not appear that the court rejected any of the officer's testimony. See *State v. Preston*, 293 Ga. App. 94, 96 (666 SE2d 417) (2008) (applying de novo standard of review where facts undisputed, no issue of officer's credibility, and court did not reject officer's testimony).

a certainty but more than a mere suspicion or possibility." (Citation omitted.) *Frederick*, supra, 270 Ga. App. at 398. Moreover,

> [t]o arrest a suspect for driving under the influence, an officer need only have knowledge or reasonably trustworthy information that the suspect was actually in physical control of a moving vehicle, while under the influence of alcohol to a degree which renders him incapable of driving safely.

(Citation, punctuation and footnote omitted.) *State v. Sledge*, 264 Ga. App. 612, 614 (591 SE2d 479) (2003).

We hold that the trial court erred here in two respects. First, the court found, apparently as a matter of law, that the odor of alcohol, bloodshot and watery eyes, and unsteadiness cannot support a finding of impairment. To the contrary, this court has held that similar evidence was sufficient to support such a finding. In *Cann-Hanson v. State*, 223 Ga. App. 690 (478 SE2d 460) (1996), this court noted that "[e]ven in the absence of the field sobriety tests, the officer's observation that Cann-Hanson had bloodshot, watery eyes and exuded an odor of alcohol was sufficient to show probable cause to arrest him for driving under the influence." (Citations omitted.) Id. at 691 (1). Similarly, in *Frederick*, supra, 270 Ga. App. at 398, the defendant admitted that he had been drinking, and the officer smelled a strong odor of alcohol on the defendant's person and observed that the defendant's eyes were glassy. Id. We held that the arresting officer had probable cause to arrest for less safe DUI. Id.

We have previously held that either the presence or odor of alcohol on a driver's breath, or a positive alco-sensor result, would not alone support an inference that the driver was impaired. *Handley v. State*, 294 Ga. App. 236, 238 (668 SE2d 855) (2008). But under the combination of circumstances here, the evidence, including the officer's observation that Burke was unsteady on his feet, had bloodshot and watery eyes, exuded a strong odor of alcohol, and tested positive on the alco-sensor test, was sufficient to support a finding of impairment. See *Cann-Hanson*, supra; *Frederick*, supra.

We also disagree with the trial court's conclusion that there was "no testimony to suggest that the Defendant was a less safe driver." In addition to evidence presented of Burke's appearance, the officer testified that based on his observations and experience, he was of the opinion that Burke was a less safe driver. See *Duren v. State*, 252 Ga. App. 257, 260 (555 SE2d 913) (2001) (officer's testimony that defendant was less safe constitutes evidence). And "the state was not required to prove that he committed an unsafe act in order to show it was less safe for him to operate the [vehicle]." (Citations, punc-

tuation and footnote omitted.) *Bowling v. State*, 275 Ga. App. 45, 48 (619 SE2d 688) (2005).

Burke contends that pursuant to *Sanders*, supra, this court is required to affirm the grant of his motion to suppress. But that case is distinguishable. In *Sanders*, the evidence showed that the officer improperly administered a field sobriety test; "that it had 'been awhile' since he had administered the test; and that Sanders was cooperative, did not have trouble exiting his vehicle, and did not have slurred speech." *Sanders*, supra, 274 Ga. App. at 397. The trial court then concluded that there was "no affirmative testimony or evidence that Sanders was . . . impaired." (Footnote omitted.) Id. at 394.

Here, the trial court concluded that, as a matter of law, the evidence presented by the officer was insufficient to establish that Burke was less safe. The court clearly accepted the facts as presented by the officer, but ignored the officer's testimony that Burke was under the influence of alcohol to the extent he was a less safe driver.

The trial court erred in granting Burke's motion to suppress.

*Judgment reversed. Phipps and Bernes, JJ., concur.*

Decided June 30, 2009.

*Lee Darragh, District Attorney, John G. Wilbanks, Jr., Assistant District Attorney*, for appellant.

*Jeffrey L. Wolff*, for appellee.