### A10A0526. BROWN v. THE STATE.
#### (690 SE2d 907)

ELLINGTON, Judge.

A Newton County jury found Larry Brown guilty of driving under the influence of alcohol, OCGA § 40-6-391 (a) (5) (driving with an alcohol concentration greater than 0.08 grams);[1] possessing marijuana, OCGA § 16-13-30 (j) (1); and violating the sound volume limits for devices within motor vehicles, OCGA § 40-6-14 (a). He appeals from the denial of his motion for new trial, challenging the sufficiency of the evidence and contending that the trial court erred in denying his motion to suppress illegally seized evidence. Finding no error, we affirm.

Viewed in the light most favorable to the jury's verdict,[2] the record reveals the following. At about 10:50 p.m. on July 15, 2006, a Newton County sheriff's deputy was sitting in his parked patrol car on a residential road. Before he saw Brown's car coming down the road, he heard it. He heard music emanating from the car when it was about three quarters of a mile away. The deputy stopped Brown for violating the sound volume limits for devices within a motor vehicle. As the deputy was telling Brown why he stopped him, he smelled the odor of an alcoholic beverage coming from Brown's person and noticed that Brown's eyes were blood-shot and glassy. He asked Brown to step out of the car, and Brown "rolled" out of the car with some difficulty. After he had gotten out of the car, Brown was "uneasy about himself," stumbled, and almost fell. The deputy patted Brown's clothing for weapons and discovered a bag of mari-

---

[5] See *Buggle*, supra.

[1] The jury also found Brown guilty of violating OCGA § 40-6-391 (a) (1), driving under the influence of alcohol to the extent that it was less safe for the person to drive. The court merged this conviction into his conviction for violating OCGA § 40-6-391 (a) (5).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

juana in his pants pocket.

The deputy arrested Brown for possession of marijuana and driving under the influence, read him implied consent warnings, and took him to jail. Brown consented to an Intoxilyzer test, which yielded test results showing blood-alcohol concentrations of 0.151 and 0.153 grams. The test results were obtained within an hour of Brown's initial traffic stop. At trial, Brown admitted possessing the 2.2 grams of marijuana found on his person.

1. Brown contends the trial court erred in denying his motion to suppress his blood-alcohol test results because the deputy lacked probable cause to arrest him for DUI. In support of this argument, Brown notes that the deputy observed no moving violations, failed to conduct field sobriety tests, and failed to ask whether Brown had been drinking that night. Brown contends his arrest was based solely on the discovery of the marijuana. We disagree.

When reviewing a trial court's decision on a motion to suppress, our responsibility is to ensure that there was a substantial basis for the decision. *Morgan v. State*, 195 Ga. App. 732, 735 (3) (394 SE2d 639) (1990). We construe the evidence most favorably to uphold the trial court's findings and judgment and we adopt the trial court's findings on disputed facts and credibility of the witnesses unless they are clearly erroneous. Id. However, when the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review. *Vansant v. State*, 264 Ga 319, 320 (1) (443 SE2d 474) (1994).

It is undisputed that the deputy properly stopped Brown for violating the sound volume limits for devices within motor vehicles.[3] It is immaterial that the deputy witnessed no moving violation or an unsafe act prior to the traffic stop. See, e.g., *State v. Smith*, 196 Ga. App. 876, 877 (397 SE2d 304) (1990) ("The fact that the officers never observed appellee actually operate his motorcycle in a 'less safe' manner [is] immaterial to the existence of probable cause for his arrest or to his guilt for violating OCGA § 40-6-391 (a) (1)."); *Moss v. State*, 194 Ga. App. 181, 182 (390 SE2d 268) (1990) ("OCGA § 40-6-391 (a) (1) makes it unlawful for a person to drive or be in actual physical control of any moving vehicle while under the influence of alcohol to the extent that it is less safe for the person to drive. There is no requirement that the person actually commit an unsafe act.") (citations and punctuation omitted).

---

[3] An officer is authorized to stop a vehicle if he or she observes the commission of a traffic offense, even if it is not a moving violation. *Hines v. State*, 214 Ga. App. 476, 477-478 (448 SE2d 226) (1994) (officer properly initiated a traffic stop on a vehicle that had an inoperative headlight).

Further, that the deputy failed to conduct field sobriety tests or to question Brown about his alcohol consumption does not necessarily defeat a finding of probable cause to arrest for DUI. What matters is what the deputy observed and reasonably believed. As we have explained:

> The facts necessary to establish probable cause for arrest are much less than those required to prove guilt beyond a reasonable doubt at trial; the test merely requires a probability — less than a certainty but more than a mere suspicion or possibility. . . . [S]ufficient probable cause to conduct a DUI arrest only requires that an officer have knowledge that a suspect was actually in physical control of a moving vehicle while under the influence of alcohol to a degree which renders him incapable of driving safely.

(Footnotes omitted.) *Gregoire v. State*, 285 Ga. App. 111, 113 (1) (645 SE2d 611) (2007).

Here, the deputy observed that Brown had trouble getting out of his car, that he was unsteady on his feet and almost fell, that his eyes were glassy and blood-shot, that his body and breath smelled of an alcoholic beverage, that he had marijuana (an illegal intoxicant) in his possession, and that he was driving at night while playing his music loud enough to be heard three quarters of a mile away. Under the totality of the circumstances, the officer had probable cause to believe Brown was actually in physical control of a moving vehicle while under the influence of alcohol (and possibly marijuana) to a degree which rendered him incapable of driving safely. See *State v. Burke*, 298 Ga. App. 621, 623 (680 SE2d 658) (2009) (the odor of alcohol, bloodshot and watery eyes, and unsteadiness can support a finding of impairment); *State v. Sledge*, 264 Ga. App. 612, 614 (591 SE2d 479) (2003) (accord); *Cann-Hanson v. State*, 223 Ga. App. 690, 691 (1) (478 SE2d 460) (1996) ("Even in the absence of the field sobriety tests, the officer's observation that [the defendant] had bloodshot, watery eyes and exuded an odor of alcohol was sufficient to show probable cause to arrest him for driving under the influence.") (citations omitted). Given that there was a substantial basis for the trial court's decision to deny Brown's motion to suppress, we find no error.

2. Brown contends the evidence was insufficient to support his convictions. With respect to his convictions for possession of marijuana or violating the sound volume limits, he makes no legal argument, he cites no legal authority, and he makes no reference to the record. Therefore, with respect to these convictions, this claim of error is deemed abandoned. See Court of Appeals Rule 25 (c) (2)

("Any enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned."); *Walker-Carter v. State*, 291 Ga. App. 362, 362-363 (662 SE2d 220) (2008); *Slmbey v. State*, 288 Ga. App. 717, 718 (655 SE2d 223) (2007).

With respect to his conviction for driving under the influence, Brown asserts that, if his blood-alcohol test results had been suppressed, the evidence remaining would be insufficient to support his conviction. Given our holding in Division 1, however, the jury properly considered the test results, evidence which amply supports Brown's conviction for driving with an alcohol concentration greater than 0.08 grams in violation of OCGA § 40-6-391 (a) (5). See *Morgan v. State*, 212 Ga. App. 394, 397 (3) (442 SE2d 257) (1994) (two breath tests of 0.22 grams held sufficient to authorize a jury to find beyond a reasonable doubt that the defendant was operating a motor vehicle with a prohibited blood-alcohol content). Consequently, we find no error.

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED FEBRUARY 10, 2010.

*Teresa L. Smith*, for appellant.
*W. Kendall Wynne, Jr., District Attorney, Kimberly M. Minicozzi, Assistant District Attorney*, for appellee.