**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**August 29, 2012**

# In the Court of Appeals of Georgia

A12A1079. HARKLEROAD v. STATE.

MIKELL, Presiding Judge.

On appeal from her conviction for driving under the influence (DUI) and speeding, Mary Harkleroad argues that the trial court erred when it denied her motions to suppress the results of her horizontal gaze nystagmus (HGN) field sobriety test and her Intoxilyzer breath test. Harkleroad also argues that the evidence was insufficient, that the State made an improper closing argument, and that she was not given adequate time to obtain expert testimony. We find no error and affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of

innocence."[1] We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[2]

So viewed, the record shows that early on the morning of February 10, 2002, a City of Savannah police officer's stationary radar detected Harkleroad's vehicle traveling 43 miles per hour in a 30-mile-an-hour zone. He activated his blue lights and followed Harkleroad until she stopped a few blocks down the well-lit city street. When the officer approached the vehicle, he noticed a strong smell of alcohol and that Harkleroad's eyes were bloodshot and her face flushed. The front-seat passenger in the vehicle admitted that he had been drinking and that he was not fit to drive. The officer asked Harkleroad to step to the rear of her vehicle and submit to a preliminary breath test. Harkleroad refused, offering to walk a line instead. The officer, who had worked over 2,000 DUI cases and was an instructor in the performance of field sobriety tests, first administered the HGN test, which Harkleroad failed when she

[1] (Citation omitted.) *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004).

[2] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

exhibited four of six indicators. After some argument, and an assurance from the officer that any results of a preliminary Alcosensor breath test would not be admissible against her, Harkleroad agreed to take the test, which showed a positive result. At this point, the officer placed her under arrest, read her the implied consent warning, and transported her to police headquarters.

At headquarters, Harkleroad's first Intoxilyzer breath sample showed a blood alcohol level of .094. When the officer asked her to provide a second sample, Harkleroad began coughing and said that she was asthmatic. Shortly afterward, she provided a second sample. The officer informed Harkleroad that she had the right to an independent test and gave her a telephone book for the purpose of arranging such a test. More than an hour later, however, she had not succeded in making arrangements.

After she was charged with less-safe and blood-alcohol-level DUI as well as speeding, Harkleroad moved to exclude the results of the HGN test on the ground that the officer's strobe lights had interfered with his administration of the test. Harkleroad also moved to suppress the results of the Intoxilyzer test on the grounds that there was no probable cause to arrest her and that her asthma attack had rendered the test unreliable. After a hearing, the trial court denied both motions. A jury found

Harkleroad guilty of unlawful-blood-level DUI and speeding. Her motion for new trial was denied.

1. Harkleroad first argues that the trial court erred in denying her motions to suppress the HGN and Intoxlizyer tests because the officer lacked probable cause to arrest her. We disagree.

We apply three principles when we review a trial court's denial of a motion to suppress:

> First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support them. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment. Because there was testimonial evidence in this case, we do not apply a de novo standard of review.[3]

More specifically, a police officer's purpose during a traffic stop "is to enforce the laws of the roadway, and ordinarily to investigate the manner of driving with the

---

[3] (Footnote and emphasis omitted.) *Ware v. State*, 309 Ga. App. 426 (710 SE2d 627) (2011).

4

intent to issue a citation or warning. Once the purpose of that stop has been fulfilled, the continued detention of the car and the occupants amounts to a second detention."[4] "[A] law enforcement officer's continued questioning of a vehicle's driver and passengers outside the scope of a valid traffic stop passes muster under the Fourth Amendment . . . when the officer has a reasonable articulable suspicion of other illegal activity."[5] "Whether a given set of facts rises to the level of reasonable, articulable suspicion of criminal activity is a legal question."[6] Finally, a police officer may arrest a suspect for DUI when the officer has "knowledge or reasonably trustworthy information that the suspect was actually in physical control of a moving vehicle, while under the influence of alcohol to a degree which renders him incapable of driving safely."[7]

---

[4] (Citation and punctuation omitted.) *Salmeron v. State*, 280 Ga. 735, 736 (1) (632 SE2d 645) (2006).

[5] *Daniel v. State*, 277 Ga. 840, 841 (1) (597 SE2d 116) (2004), overruled on other grounds, *Salmeron*, supra at 738.

[6] (Citation, punctuation and footnote omitted.) *Jones v. State*, 253 Ga. App. 870, 873 (560 SE2d 749) (2002).

[7] (Citation and punctuation omitted.) *Frederick v. State*, 270 Ga. App. 397, 398 (606 SE2d 615) (2004).

(a) As a preliminary matter, we note that Harkleroad has abandoned her arguments made below that the HGN test was inadmissible because it was not performed properly. Specifically, and as part of her argument that probable cause for her arrest was lacking, she summarily suggests that the HGN test was improperly performed. Harkleroad has not contested the trial court's finding below that the test was properly administered, however, and this Court has held that a motion to suppress is not the proper vehicle for challenging the admissibility of a blood-alcohol test "based merely on non-compliance with agency regulations governing the administration of such tests."[8]

(b) On appeal, Harkleroad attacks the officer's behavior in obtaining the preliminary breath test, suggesting that the officer misled her as to the admissibility of that test against her at trial, deceived her when he suggested that he would not have to take her to the station if she took the test, and intimidated her when he repeatedly demanded that she take the test. As the trial court pointed out in its order denying Harkleroad's motion for new trial, however, none of Harkleroad's numerous pre-trial filings moved to exclude the results of the preliminary breath test itself. Even if she

---

[8] (Citation omitted.) *Smith v. State*, 185 Ga. App. 531, 531 (2) (364 SE2d 907) (1988).

had objected to the introduction of these results on constitutional grounds at trial, moreover, which she did not, such an objection would have been untimely.[9] Harkleroad has thus waived any argument concerning the admissibility of the preliminary breath test.[10]

(c) To the extent that Harkleroad is asserting that the Intoxilyzer result should be suppressed because the officer obtained that result by misrepresenting whether the results of the preliminary breath test were admissible, we note that the only grounds asserted in her written motion to suppress the Intoxilyzer result was that the officer lacked probable cause to arrest her and that the result was unreliable because of her asthmatic condition. It is only when an officer's method of obtaining evidence by force or deception is "so shocking to the conscience as to violate [a] defendant's Fourth Amendment rights" that the evidence must be suppressed.[11] As the trial court

---

[9] See *Hatcher v. State*, 224 Ga. App. 747, 748-749 (1) (482 SE2d 443) (1997) ("Failing to file a timely motion to suppress amounts to a waiver of even constitutional challenges") (citation omitted).

[10] Id.; see also *Ruffin v. State*, 201 Ga. App. 792 (1) (412 SE2d 850) (1991).

[11] (Citation omitted.) *Merriweather v. State*, 228 Ga. App. 246, 248 (3) (491 SE2d 467) (1997).

noted, Harkleroad did not assert below, and she has not argued on appeal, that the arresting officer's behavior in this case reached this level of wrongfulness.

Putting any issue as to the preliminary breath test results aside, then, the trial court was entitled to conclude not only that Harkleroad's speeding, her bloodshot eyes, and the odor of alcohol coming from the car gave the officer reasonable and articulable suspicion to detain her for the purpose of administering the HGN test,[12] but also that when Harkleroad failed that test, the officer had probable cause to arrest her for DUI.[13]

For all these reasons, the trial court did not err when it denied Harkleroad's motions to suppress.

2. Given our rejection of Harkleroad's arguments that the results of the tests performed on her should have been suppressed, there is no merit to her claim that the

---

[12] See *Hann v. State*, 292 Ga. App. 719, 721 (2) (665 SE2d 731) (2008) (as triert of fact, a trial court did not clearly err when it credited officer's version of events leading up to administration of HGN test and thus when it denied defendant's motion to suppress the results of the test).

[13] See *Steinberg v. State*, 286 Ga. App. 417, 420 (2) (650 SE2d 268) (2007) (officer's training, defendant's admission to ingesting alcohol, his failure to maintain lane, his performances on field sobriety tests, and the strong odor of alcohol provided probable cause to arrest defendant for DUI); *Cann-Hanson v. State*, 223 Ga. App. 690, 691 (1) (478 SE2d 460) (1996) (even without field sobriety test results including HGN test, an officer's observation of bloodshot eyes and "faint" odor of alcohol provided probable cause to arrest defendant for DUI).

evidence was insufficient to support her conviction for driving under the influence of alcohol in violation of OCGA § 40-6-391 (a) (5).[14]

3. Harkleroad also argues that the State made an improper closing argument when it pointed out that she had failed to produce medical records or expert testimony in support of her asthma defense. No objection to this portion of the argument was made at trial, however. It follows that no argument concerning it has been preserved for our review.[15]

4. As the trial court noted, Harkleroad never asked for a continuance to arrange for additional expert testimony, and there is nothing in the record before us to show that she did not announce ready at the outset of the trial. It follows that she has waived any argument that a continuance was necessary for that purpose.[16]

*Judgment affirmed. Miller and Ray, JJ., concur.*

---

[14] (Defining DUI as driving with blood alcohol concentration of "0.08 grams or more at any time within three hours after such driving.") *Jackson*, supra; *Cann-Hanson*, supra at 691-692 (2).

[15] *Smith v. State*, 277 Ga. 213, 218 (11) (b) (586 SE2d 639) (2003).

[16] See *Vining v. State*, 195 Ga. App. 816, 817 (2) (395 SE2d 17) (1990) (announcement of ready waives right to a continuance; trial court did not abuse its discretion denying a motion for continuance made on day of trial).